393 A.2d 751

**COMMONWEALTH of Pennsylvania**

v.

**Gregory Barry WALDON, Nathan July Ragin, and Ronald Gilbert Parnell, Appellants.**

Superior Court of Pennsylvania.

Argued June 16, 1977.

Decided Oct. 20, 1978.

Stanley M. Shingles, Philadelphia, for appellants.

James A. Cunningham, Assistant District Attorney, Pottstown, with him William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On January 28, 1975 a complaint was filed against the three appellants, Gregory Waldon, Nathan Ragin and Ronald Parnell, charging them with theft of movable property,[1] theft by receiving stolen property,[2] possession of instruments of crime with intent[3] and criminal conspiracy[4]. The charges arose from the alleged participation of the three appellants in the breaking of an automobile window and attempt to steal the automobile which was parked in the lot of the Marriott Motor Hotel, Bala Cynwyd, Pennsylvania. A police officer of the Lower Merion Township police department was assigned to surveillance duty in the motel parking lot due to reported trouble there on previous occasions. On January 28, 1975, the officer on duty observed a blue Volkswagon pull into the parking lot. There were three occupants of the car which parked in the lot approximately 70 feet from the officer who was observing from his car. One of the three individuals exited from the Volkswagon and walked over to a Porsche automobile. He returned to the Volkswagon and then the officer observed the driver get out and open the front compartment of the Volkswagon. The driver, Gregory Waldon, then got back into the car and the two other individuals, Nathan Ragin and Ronald Parnell, walked over to the Porsche. Ragin broke the window on the passenger's side and entered the Porsche. Once inside he opened the driver's door and Parnell entered. The officer observed movement in the Porsche for about five minutes and then saw the two men get out of the Porsche and walk back to the Volkswagon. The Volkswagon then left the parking area and traveled only a short distance before it was stopped by several police cars which had been summoned by the officer on surveillance duty. Tools were discovered on the floor of the Volkswagon and a

1. Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 3921.

2. Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 3925.

3. Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 907.

4. Act of December 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 903.

search of the occupants resulted in the discovery of six wires with alligator clips on the ends on the person of Ragin. A search of Waldon disclosed a loaded automatic pistol. An examination of the Porsche revealed a broken vent window on the passenger's side, a missing knob on the gear shift and wires hanging from the ignition which had been popped out of the dashboard. The three appellants were arrested and criminal complaints were filed on January 28, 1975.

The preliminary hearing scheduled for February 1, 1975 was postponed until February 3, 1975 whereafter the appellants were bound over for action by the grand jury. Indictments were returned by the grand jury on April 10, 1975. On July 23, 1975, the Commonwealth filed a petition for an extension of time for commencing trial alleging that the case was listed for August 24, 1975, (a date which all counsel agreed was an obvious error, the correct date being July 24, 1975) but would probably not be called due to the over-loaded court calendar and the lack of a full compliment of judges. It further alleged that the case might not be called to trial within the required 180 days,[5] the Commonwealth exercised due diligence, and lack of prejudice to the defendants. There appeared to be some discrepancy concerning whether or not a copy of the petition was sent to defense counsel at approximately the same time it was filed or whether it was hand delivered two days before the hearing on the petition which occurred on August 1, 1975. At the hearing, the Commonwealth maintained that a letter which was to accompany the petition was typed on July 18, 1975, while defense counsel argued that the petition was hand delivered on July 30, 1975 to a receptionist at his office. The case was called to trial on July 31, 1975, three days after the expiration of the 180 days, but did not proceed until after the hearing on the petition to extend the time. The petition was granted extending the time for trial until October 31,

5. Rule 1100 of the Pennsylvania Rules of Criminal Procedure states:
   (a)(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint was filed.

1975 and the appellants were tried on the same day before a judge and jury which returned verdicts of guilty on the charges of attempted theft of movable property and criminal conspiracy. Following denial of motions for a new trial and in arrest of judgment, appellants were sentenced on September 24, 1976 to three years of probation, fined $1,000 and ordered to pay restitution.

■■ Appellants raise several issues on appeal, however, we need concern ourselves only with the initial issue. It is the contention of appellants that the court erred in refusing to grant them an evidentiary hearing on their request to dismiss the prosecution pursuant to Pa.R.C.P. 1100, supra. The indictments were returned on April 10, 1975 and the case was listed for trial on July 24, 1975 although appellants claim that the weeks of May 28, June 2, June 9 and July 15 were available for trial. In response to the Commonwealth's petition for an extension of time in which to commence trial, appellants answered denying the Commonwealth's assertion of its exercise of due diligence and stated that they were without knowledge of the overloaded court calendar and a lack of a full compliment of judges. At the hearing on the Commonwealth's petition on August 1, 1975, the following colloquy took place:

THE COURT: Why shouldn't the petition be granted?

MR. DAVENPORT (Defense Counsel): On the part of the Commonwealth?

THE COURT: Governor Shapp, you mean, in not filling the vacancy we have had on this Bench for ten months? Are you blaming it on Shapp?

MR. DAVENPORT: If it is Governor Shapp we will start with Governor Shapp and come right down and include the District Attorney's office, or whatever department.

THE COURT: We are going to extend this until—what is the end of this term? What is the next term?

MR. SKYPALA (District Attorney): The next term, Your Honor, would be September thirtieth.

MR. SHINGLES (Defense Counsel): May we have a hearing on that sir?

134

THE COURT: No.

The above related discussion constitutes the entire opportunity defense counsel had to be heard on the Commonwealth's petition. Obviously, this falls far short of the meaning and intent of Pa.R.C.P. 1100(c) which states:

> At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the *right to be heard thereon.* Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. (Emphasis added)

In the present case, counsel for appellants specifically requested that they be offered the opportunity to be heard on the granting of the petition. This was denied by the court which apparently felt that the mere fact that there was a vacancy on the bench was enough to warrant an extension. It is well established that the inability of the court to hear a case because of insufficient staff and the resulting backlog is reason to grant an extension. *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976). However, it is also necessary to establish that the prosecution exerted due diligence in its efforts to being the case to trial. Our Supreme Court stated in *Mayfield,* supra, 469 Pa. at 221–222, 364 A.2d at 1349–1350:

> Henceforth, the trial court may grant an extension under Rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

In the instant case, the record fails to establish that the Commonwealth exerted due diligence. Although the lower court stated that the lack of a full contingent of judges was grounds for extending the time for commencement of trial, there is nothing in the record to establish that the absence of one judge was the cause of the Commonwealth's inability to bring the appellants to trial. Appellate counsel argues in his brief that the Commonwealth had the opportunity to submit the case to two earlier grand juries but failed to do so. The Commonwealth responds by stating that the case was submitted to the first available grand jury.[6] Obviously there is a question of fact that goes directly to the issue concerning the Commonwealth's exercise of due diligence. Since appellants were not afforded an opportunity to be heard on the petition as provided for in Pa.R.C.P. 1100(c), we must remand the case with instructions that a full and complete hearing be held on the Commonwealth's petition for extension of time for commencing trial. Following the hearing court's redetermination of the propriety or impropriety of the granting of the extension of the time for trial and resentence or discharge, the parties may appeal if they so desire. On that appeal, they may also raise any issue presented and undecided in the instant appeal. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975), *Commonwealth v. Strickland,* 457 Pa. 631, 326 A.2d 379 (1974).

Judgments of sentence vacated and case remanded for proceedings consistent with this Opinion.

PRICE, J., dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

**6.** According to the lower court, the vacancy on the bench had been in existence for ten months prior to the hearing on the Commonwealth's petition. Therefore the Commonwealth was aware of the necessity of proceeding with the preparation of the case from the time the case was returned to the court.