399 A.2d 724

**COMMONWEALTH of Pennsylvania**

v.

**Sollen SINOR, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1978.

Decided March 9, 1979.

Stanley J. Sinowitz, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant raises several issues on appeal.[1] However, we will examine only his contention that he should be discharged because the lower court erred in granting the Commonwealth's petition for an extension of time under Pa.R.Crim.P. 1100(c). After reviewing the record, we have concluded that we must remand the case for a full and complete hearing on the petition.

On July 5, 1976, Philadelphia police filed a written complaint against appellant charging him with simple and aggravated assault[2] and attempted murder.[3] The charges arose from an incident on July 5, 1976, during which appellant, almost 60 years old, argued with and then severely kicked one Frank Pandolfi, aged 74 years. Trial did not commence until April 13, 1977, 282 days later.

The record reveals the following facts. On July 14 and 30, and August 20, 1976, the case was continued because the victim-complainant was in the hospital. On September 17, 1976, it was continued due to a bench-bar conference. On

1. We find those other contentions raised by appellant, which, if meritorious, would require discharge, to be either not preserved for appeal or without merit. We do not decide those issues which would require only remand for new trial of resentencing.

2. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. §§ 2701 and 2702.

3. The Crimes Code, supra; 18 Pa.C.S.A. § 901.

October 1, 1976, the lower court again continued the case, noting only "no complaint." Over appellant's objection, the lower court continued the case on October 22, 1976 because the District Attorney was unprepared. At the preliminary hearing on November 26, 1976, the court discharged appellant as to the attempted murder charge and held him on the two assault charges. It noted that the run date under Rule 1100 was January 3, 1977. On December 10, 1976, the court noted that both parties were ready but that the court could not reach the case that day because another and lengthy case was in progress. After an on-the-record colloquy, appellant agreed to waive the period from December 10, 1976 to January 17, 1977. On January 17, 1977, the court denied appellant's oral motion to dismiss under Rule 1100 and continued the case to February 7, 1977, noting: "Com[mon-wealth] witness not available (Has appointment in regard to her son.)". On February 3, 1977, appellant filed a written motion to dismiss under Rule 1100. On February 7, 1977, the court noted: "Open motion to dismiss under Rule 1100" and continued the case to February 23, 1977. However, the transcript of proceedings of February 15, 1977 reveals that the court added 38 days to the Rule 1100 run date due to appellant's waiver on December 10, 1976, thereby creating a new run date of February 8, 1977, and denied both appellant's Rule 1100(f) petition as premature and his oral motion to amend his petition to one for dismissal under Philadelphia Local Rule 800. Also on February 15, 1977, the Commonwealth filed its first petition for extension of time under Rule 1100(c). On March 8, 1977, despite appellant's opposition, the court granted the Commonwealth's petition and extended the run date to March 24, 1977. On March 24, 1977, the court issued bench warrants for two Commonwealth witnesses and continued the case to April 7, 1977. Also on March 24, 1977, the Commonwealth filed its second Rule 1100(c) extension petition. On April 1, 1977, the court granted the Commonwealth's extension petition because of the March 24, 1977 bench warrants for the Commonwealth's witnesses and extended the run date to April 11, 1977. On April 11, 1977, appellant waived Rule 1100 until April 20,

1977 and requested a continuance because new counsel had just entered an appearance. Trial commenced on April 13, 1977. A jury found appellant guilty of simple assault and not guilty of aggravated assault. After denying post-verdict motions, the lower court sentenced appellant to six to 23½ months imprisonment plus a $500 fine. This appeal followed.

Appellant contends that he should be discharged because the lower court erred in granting the Commonwealth its first extension of time under Rule 1100(c). Pa.R.Crim.P. 1100(c) provides:

"(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

In the instant case, the Commonwealth filed a form petition for extension on February 15, 1977, alleging only that "[d]espite due diligence, the Commonwealth will not be able to try this case within the Rule 1100 run date" and that "[a] specific account of the history of this case will be presented at time of argument." [4] The only record that we have of the March 8, 1977 proceedings on the Commonwealth's petition consists of the following colloquy:

"[Appellant]: Your Honor, can I say something?

"THE COURT: What do you want to say?

"[Appellant]: The agreement was in February, the agreement was for the District Attorney's office and Public Defender—in December if I would let them go to January

4. In *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976), we found such form petitions defective.

17th, I would be tried or it would be throwed out. January 17th came up and it's still been continued and the permission was to go to January 17th only and now it's still in Court.

"THE COURT: Well, sir, I can't do anything about that. Let me see the file.

"[Appellant]: This is the thirteenth time I've been in Court.

"[Public Defender]: Your Honor, we have no file on the matter although we do represent Mr. Sinor.

"THE COURT: We'll take a look at it.

"[Appellant]: This is the thirteenth time I've been in Court. They never get witnesses here.

"[Ass't District Attorney]: On February 15th this case was listed here. You denied the defendant's petition and you instructed the Commonwealth to file our petition that day which we did.

"THE COURT: Well, we're probably going to have to go back to the beginning. What happened here is that the victim was in the hospital for a long period of time. I recall the case now. And based on that I considered, since you allegedly were the person that put him in the hospital, that that ought to certainly be taken into consideration in terms of the delay in this matter.

"[Appellant]: The woman that robbed me same day was the one that hurt. He was passed out not hurt.

"THE COURT: He was in the hospital some three months from being passed out.

"All right. The defense petition was denied, is that correct?

"[Ass't. District Attorney]: Yes.

"THE COURT: When was that?

"[Ass't. District Attorney]: 2–15.

"THE COURT: And you filed your petition on that date, is that right?

"[Ass't. District Attorney]: That's correct.

"THE COURT: When is the matter now listed for trial?

"[Ass't. District Attorney]: It's not, your Honor.

"THE COURT: It's not?

[Ass't District Attorney]: No.

"THE COURT: I'm going to give you a trial date and I'm going to direct you to try the case on that date. Get rid of it.

"We'll make March 24th in 636. Give the defendant a subpoena for that date."

■ Initially, we note that appellant has preserved the issue for our review because he opposed the Rule 1100(c) petition on March 8, 1977. *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978); *Commonwealth v. Hughes*, 256 Pa.Super. 105, 389 A.2d 623 (1978); *Commonwealth v. Barrall*, 256 Pa.Super. 478, 390 A.2d 203 (1978).

■ In reviewing the lower court's ruling that the Commonwealth has met its burden of proving due diligence, we may consider only the evidence presented at the hearing by the Commonwealth and that evidence presented by the defendant which remains uncontradicted. *Cf. Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). However, it is obvious from examination of the transcript of proceedings on March 8, 1977 that no "hearing" was ever held. The Commonwealth, represented by the District Attorney's office, made no presentation whatsoever in support of its petition. Instead, the court summarily granted the extension petition based solely upon its own recollection of the victim's hospitalization.[5] Additionally, the court did not

5. We do not believe that the court's "recollection" is evidence. *See Commonwealth v. Burdell*, 176 Pa.Super. 219, 107 A.2d 739 (1954) (court's opinion is not part of the record). Additionally, our review of the record reveals that the court's recollection is inaccurate. The court did, in fact, grant three continuances due to the complainant-victim's hospitalization; however, these continuances accounted for at most two months of delay (July 14 through September 17, 1976), not three. More importantly, we note that the Commonwealth's case was ready for trial as early as December 10, 1976, a full 67 days

afford appellant an opportunity to be heard on the validity of his waiver, an issue which clearly affects the timeliness of the Commonwealth's petition. Because the court allowed neither party to be heard, we cannot assess the merits of this issue. Accordingly, we must remand for an evidentiary hearing on the Commonwealth's petition for extension of time and any of appellant's objections to the petition. "Following the hearing court's redetermination of the propriety or impropriety of the granting of the extension of the time for trial and resentence or discharge, the parties may appeal if they so desire. On that appeal they may also raise any issue presented and undecided in the instant appeal. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975);

before it filed its extension petition and 88 days before the court's hearing on that petition. Nothing presented at the March 8, 1977 proceedings suggests that the witnesses were unavailable at any time after December 10, 1976. The Commonwealth must exercise due diligence throughout the Rule 1100 period not just during the first few months. Pa.R.Crim.P. 1100. Once the Commonwealth was ready for trial, delay due to prior problems would seem to have little to do with continued due diligence to commence trial thereafter within 180 days. While "[p]eriods of delay due to the unavailability of a hospitalized Commonwealth witness may be of an extension of time for commencement of trial," *Commonwealth v. Brown*, 252 Pa.Super. 365, 369, 381 A.2d 961, 963 (1977), the Commonwealth must still demonstrate that trial could not be commenced within the prescribed period its due diligence. Pa.R.Crim.P. 1100(c). We have held in several cases that delay in the commencement of trial caused solely by the unavailability of Commonwealth witnesses was good grounds for granting a Rule 1100(c) petition. *See Commonwealth v. Ehredt*, 255 Pa.Super. 84, 386 A.2d 147 (1978) (several Commonwealth witnesses who were available on the 173rd day would not be available thereafter until the 181st day); *Commonwealth v. Jenkins*, 248 Pa.Super. 300, 375 A.2d 107 (1977) (by the 177th day it was clear that all 14 of the Commonwealth's witnesses had various vacations conflicting with trial within 180 days); *Commonwealth v. Lane*, 245 Pa.Super. 146, 369 A.2d 335 (1976) (Commonwealth witness was ill on the 265th day of the 270 days prescribed by Rule 1100). Thus, when witnesses become unavailable toward the end of the Rule 1100 time period—whether through vacation, illness, or other reasons not within the Commonwealth's control—the Commonwealth is prevented from commencing trial within the requisite period despite its due diligence and an extension of time is warranted. In the instant case, however, it is not apparent to us how, without more, the unavailability of the complainant-victim within the first 90 days of the Rule 1100 period proves that the Commonwealth was prevented from commencing trial before the 180th day despite its alleged due diligence.

*Commonwealth v. Strickland,* 457 Pa. 631, 326 A.2d 379 (1974)." *Commonwealth v. Waldon,* 259 Pa.Super. 129, 135, 393 A.2d 751, 754 (1978).

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion.