418 A.2d 432

COMMONWEALTH of Pennsylvania, Appellant,

v.

Daryl Lee MIZIC.

Superior Court of Pennsylvania.

Argued June 12, 1979.

Filed Jan. 11, 1980.

332

John J. Burfete, Jr., Assistant District Attorney, Norristown, for Commonwealth, appellant.

Arthur J. King, Assistant Public Defender, Norristown, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

The Commonwealth has appealed an Order of the lower court dismissing an application to extend the time for trial filed pursuant to Pa.R.Crim.P. 1100(c) ("Rule 1100"), and at the same time granting Appellee's application to dismiss the charges then pending against him. The lower court found the application to extend to be untimely.

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

■ From the record we observe that a criminal complaint was filed against Appellee on May 4, 1978, charging him with burglary, theft and related offenses. Accordingly, the Commonwealth was required to bring Appellee to trial not later than October 31, 1978. Rule 1100(a)(2)[1]; *Commonwealth v. Ehredt*, 485 Pa. 191, 193–194 n.3, 401 A.2d 358, 360 n.3 (1979).

Appellee was arrested pursuant to the criminal complaint on May 4, 1978, by police of the Borough of Pottstown and was thereupon released by the police to federal authorities for a federal probation violation and incarcerated in a federal institution.

■ Appellee was scheduled to be arraigned upon the instant charges on June 20, 1978, but by reason of his incarceration, failed to appear. Apparently unaware that Appellee was in federal custody, on June 24, 1978, the Commonwealth filed an application to extend the time for trial, asserting Appellee's failure to appear for arraignment as the basis for its request, and at the conclusion of an ex parte proceeding[2] on June 29, 1978, the court entered an Order granting the Commonwealth's application to extend in the following language:

".   .   . trial is to be held no later than 120 days from the date the defendant is apprehended on a bench warrant .   .   ."

On June 29, 1978, five days thereafter, the Commonwealth sought and obtained a bench warrant for Appellee's arrest for the failure to appear at arraignment. On August 3, 1978, Appellee appeared in court and the bench warrant was revoked. On August 4, 1978, Appellee waived formal ar-

1.  Rule 1100(a)(2) provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2.  As we earlier observed in *Commonwealth v. Waldon*, 259 Pa.Super. 129, 393 A.2d 751 (1978), Rule 1100(c) by its very language does not countenance ex parte proceedings.

raignment and entered a plea of not guilty, and on the same day, Appellee's trial was scheduled to commence on October 20, 1978. Appellee failed to appear on the date fixed for trial and a second bench warrant was issued. Four days later, Appellee surrendered, the bench warrant was revoked and trial was rescheduled to commence November 13, 1978.

Recalling that the rescheduled trial date was beyond the run date under Rule 1100(a)(2), the District Attorney, on November 3, 1978, filed a second application to extend the time for commencement of Appellee's trial. Appellee filed an answer to the Commonwealth's application to extend, asserting that the last day for the commencement of trial under the first extension was October 27, 1978, as the Commonwealth was charged with the knowledge that Appellee was not a fugitive on the date it obtained the first extension. Accordingly, Appellee argued, as he does here, that with such constructive knowledge, the Commonwealth was bound by the terms of the 120-day "extension". it obtained on June 29, 1978, and was thus required to bring Appellee to trial not later than October 27, 1978. Consequently, Appellee argued, again as he does here, that the Commonwealth's second application to extend, filed on November 3, 1978, was out of time, and should have been filed on or before October 27, 1978.

The lower court adopted Appellee's argument, determined that the last day trial could commence under Rule 1100(a)(2) was October 27, 1978, 120 days from the date the Commonwealth obtained its first extension, and dismissed the Commonwealth's second application to extend as being untimely.

We first note, and the parties agree, that Appellee was unavailable for the period of four days from October 20, 1978, when he failed to appear for trial, through October 24, 1978, the date he surrendered. The period of four days, therefore, is properly excluded in determining the time within which trial must commence. Rule 1100(d)(1); *Com-*

*monwealth v. Morgan,* 484 Pa. 117, 398 A.2d 972 (1979); *Commonwealth v. Cohen,* 481 Pa. 349, 392 A.2d 1327 (1978).[3]

Accordingly, without regard to the 120-day extension granted the Commonwealth on June 29, 1978, the run date at bar would have been November 4, 1978, and the Commonwealth would have been required to file its application for an extension on or before that date. Rule 1100(c); *Commonwealth v. Shelton,* 469 Pa. 8, 15, 364 A.2d 694, 697 (1976); *Commonwealth v. Morgan,* supra; *Commonwealth v. O'Shea,* 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975); *Commonwealth v. Royer,* 256 Pa.Super. 361, 389 A.2d 1165 (1978); *Commonwealth v. Kincade,* 246 Pa.Super. 389, 391, 371 A.2d 894, 895 (1977).

It will be recalled that the Commonwealth filed its second application for an extension on November 3, 1978[4], one day prior to the run date as computed from the date the criminal complaint was filed. However, the lower court determined that the Commonwealth was bound by the extension it obtained on June 29, 1978 and computed the run date to be 120 days from that date, or October 27, 1978. Excluding four days by reason of Appellee's unavailability, the lower court found that the last day upon which the Commonwealth could have filed a timely application to extend was October 31, 1978.

3. During the period October 20, 1978 through October 24, 1978, Appellee was no longer in federal custody and was released on bail. The cited cases hold clearly that where a defendant on bail who has received proper notice of a court proceeding, fails to appeal as directed he is unavailable for the purpose of Rule 1100 from the time of such proceeding until his subsequent apprehension or until he voluntarily surrenders.

4. The opinion of the lower court indicates that the Commonwealth's application for an extension was filed on November 6, 1978. R. 14a. This is in fact the date the lower court granted the Rule to Show Cause annexed to the application. An examination of the backer attached to the Commonwealth's application reveals a date stamp of the Clerk of Courts of Montgomery County indicating that the application was filed with the Clerk on November 3, 1978.

The Commonwealth contends and we agree that the result of the lower court's Order was to reduce the period within which trial should have commenced from 180 days, as provided by Rule 1100(a)(2), to 176 days.

■ We earlier observed, as did our Supreme Court, that a rule of procedure adopted by a Court of Common Pleas cannot be used as a means to circumvent a procedural rule promulgated by the Supreme Court of Pennsylvania. *Commonwealth v. Pugh*, 476 Pa. 445, 449 n.4, 383 A.2d 183, 185 n.4 (1978); *Commonwealth v. Dozier*, 258 Pa.Super. 367, 372, 392 A.2d 837, 840 (1978); Pa.R.Crim.P. 1(b). It cannot be seriously suggested that an Order or decision of a Court of Common Pleas can any more be used to circumvent or frustrate a rule of procedure than can a local rule. Nevertheless, that is precisely the effect of the Order of the lower court at bar.

■ Rule 1100(a)(2) clearly permitted the Commonwealth 180 days within which to bring Appellee to trial, and Rule 1100(c), with equal clarity, permitted the Commonwealth to seek an extension of that period of time by filing an application at any time prior to the expiration of that period. Finally, Rule 1100(d)(1) permits the exclusion of such period of delay as results from the unavailability of the Defendant. Application of these rules as promulgated by the Supreme Court to the facts at hand makes clear that the last day upon which the Commonwealth could have filed a timely application for an extension was November 4, 1978. The Commonwealth's application, filed on November 3, 1978, was therefore timely and should have been considered.

The Order granting the Commonwealth its first extension was obviously based upon erroneous allegations contained in the Commonwealth's application, and that Order cannot now be used to frustrate the obvious intent of Rule 1100.

Accordingly, the Order of the lower court, dismissing the Commonwealth's application to extend the time for commencement of trial and dismissing the charges against Appellee, is vacated; both the application and the charges are

reinstated; and the case is remanded to the lower court for a hearing upon the Commonwealth's application; in the event the lower court shall determine after hearing that despite due diligence by the Commonwealth, trial could not have been commenced within the prescribed period, it shall fix an appropriate date for trial. *Commonwealth v. Shelton,* supra; *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976); and in the event the court shall determine that the Commonwealth failed to exercise due diligence, it shall dismiss the Commonwealth's application, and the charges, from which latter action the Commonwealth may appeal.

Vacated and remanded.