420 A.2d 1328

**COMMONWEALTH of Pennsylvania**

**v.**

**Cleveland FUGGS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed May 30, 1980.

Colie B. Chappelle, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

Appellant was convicted, after a jury trial, of conspiracy [1] and aggravated assault.[2] On this appeal, he argues (*inter alia*) that he should be discharged because he was not brought to trial within the 180 day period set by Pa.R. Crim.P. 1100.

1. 18 Pa.C.S. § 903.

2. 18 Pa.C.S. § 2702.

Appellant was arrested on December 14, 1977; the original Rule 1100 run date was thus June 12, 1978.

The case was slow to proceed for several months, primarily because the complainant had been seriously injured and was in and out of the hospital. A listing was cancelled when the courts were closed because of snow, and defense counsel failed to appear on another occasion. A lineup requested by the defense was not held until April 5, 1978. The preliminary hearing was held on April 21, 1978. The [appellant] filed a Discovery Motion on May 23, 1978 and his Omnibus Pre–Trial Motion was not filed until June 1, 1978, and was marked for "Time of Trial."

The next court listing was June 7, 1978. On that day the Commonwealth was not able to proceed because a Commonwealth witness was needed for the motion. The hearing on the motion to suppress was continued to June 29, 1978, apparently without objection by defense attorney. On June 12, 1978, the Commonwealth filed a petition to extend the running of Rule 1100.

A petition to extend filed on the last day of the mandatory period for commencement of trial is timely. *Commonwealth v. Wharton*, 250 Pa.Super. 25, 378 A.2d 434 (1977). On June 23, 1978, Judge Edward Blake granted the petition over defendant's objection on the above cited record and extended the Rule to June 30, 1978.*

On June 29, 1978, a Commonwealth witness had not been subpoenaed so the suppression hearing was continued to June 30, 1978, before Judge I. Raymond Kremer. On June 30, 1978, Judge Kremer was in the middle of a trial of another matter.

The district attorney presented to Judge Kremer a Rule to Show Cause why Rule 1100 should not be extended.

---

* Defense counsel failed to appear at a preliminary hearing listed on February 23, 1978 and the matter was continued to March 10, 1978. Counsel advised this Court that he did not get timely notice of the listing and argued that an automatic fifteen day extension of Rule 1100 to June 27, 1978, recognized by Judge Blake, pursuant to sub–section (d)(1) was therefore improper. We need not reach that issue because we hold that a Commonwealth petition to extend Rule 1100, even if filed on the last day of the original run date, was timely.

Judge Kremer signed the rule, setting July 6, 1978 as the hearing date. Judge Kremer recessed his trial and the hearing on the [appellant]'s Motion to Suppress began at about 4:00 P.M. on June 30, 1978, and was recessed at 5:00 P.M. to Monday, July 3, 1978. It was not reached on July 3, 1978.

On July 6, 1979 [sic], Judge Blake extended Rule 1100 to July 13, 1978, again over the objection of defense counsel. The hearing on the Motion to Suppress immediately resumed before Judge Kremer. On July 7, the hearing concluded. Judge Kremer granted the motion in substantial part.

Defense counsel then asked Judge Kremer to recuse himself because the matter was to proceed as a waiver of jury trial and the judge had heard prejudicial testimony.

The case was sent to the undersigned on Monday, July 10, 1978. At that time the defense attorney requested a continuance to obtain notes of testimony of the suppression hearing. The defendant signed a waiver extending Rule 1100 to July 31, 1978. A trial by jury commenced on July 26, 1978.

Opinion of Anderson, J. (Footnote in original) At neither proceeding purporting to be a hearing on the Commonwealth's petition for extension of the Rule 1100 period or appellant's motion for dismissal was any evidence presented by either party. On June 23, after a brief oral argument by appellant's counsel, and a number of observations by the hearing judge concerning the absence of the victim due to hospitalization, the hearing court found that the Commonwealth had been duly diligent in prosecuting the matter. The so—called Rule 1100 hearing of July 6 was similar: the court granted the Commonwealth's petition for extension, after a brief oral argument by defense counsel, without hearing, or allowing into the record, any evidence.

The Commonwealth may obtain an extension of the period within which trial must commence by showing that, despite due diligence in preparing the case, it is unable to bring the accused to trial within 180 days. Pa.R.Crim.P.

1100(c); *Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (1979); *Commonwealth v. Akridge*, 275 Pa.Super. 513, 419 A.2d 18 (1980); *Commonwealth v. Cimaszewski*, 261 Pa.Super. 39, 395 A.2d 931 (1978). "In reviewing the hearing court's ruling that the Commonwealth met its burden of due diligence, we consider only the evidence presented at the hearing by the Commonwealth and so much evidence presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Akridge, supra*, 275 Pa.Super. at 517, 419 A.2d at 20; *see Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Sinor*, 264 Pa.Super. 178, 399 A.2d 724 (1979). The observations and "recollections" of the court are not evidence. *Commonwealth v. Sinor, supra*, 264 Pa.Super. at 183 n.5, 399 A.2d at 727 n.5.

 Since no evidence was presented, we are unable to decide whether the Commonwealth was duly diligent in preparing the case for trial. We must, therefore, remand for an evidentiary hearing on this issue. " 'Following the hearing court's redetermination of the propriety or impropriety of the granting of the extension of the time for trial and resentence or discharge, the parties may appeal if they so desire. On that appeal they may also raise any issue presented and undecided in the instant appeal. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Strickland*, 457 Pa. 631, 326 A.2d 379 (1974).' " *Commonwealth v. Sinor, supra*, 264 Pa.Super. at 184, 399 A.2d at 728, *quoting Commonwealth v. Waldon*, 259 Pa.Super. 129, 135, 393 A.2d 751, 754 (1978). If it be determined that the Commonwealth was not duly diligent, the judgment of sentence must be vacated and appellant discharged. *Commonwealth v. Akridge, supra*, 275 Pa.Super. at 518, 419 A.2d at 21.

Cause remanded for proceedings consistent with this Opinion.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

I would affirm defendant's judgment of sentence without the necessity of a remand evidentiary hearing. In so doing, I would adopt the following from Commonwealth's brief, pages 4–5:

"Defendant's first claim is that Judge Blake erred in granting the Commonwealth first petition to extend, because, allegedly, the Commonwealth failed to exercise due diligence in trying to bring defendant to trial.[2] Judge Blake's contrary conclusion, that the Commonwealth had, in fact, exercised due diligence, should be sustained absent a palpable abuse of discretion. If trial courts are not to be burdened with a backlog of cases in which Rule 1100 is at issue, Rule 1100(c) extension hearings must be short and to the point; the hearing judge must be permitted to rely, as Judge Blake did in this case, on the entries in the official court file of the case; and the conclusions of the hearing judge, who is peculiarly well–situated to weigh the merits of an extension request in light of the facts of the case and of the exigencies of the court system as a whole, must be accorded great deference. Here, considering the brevity of the extension granted, the absence of any prejudice caused by it to defendant, and the drastic alternative potential result of discharge, Judge Blake's conclusion should be sustained."

[2] It is unclear from defendant's brief (see p. 15) whether defendant is claiming that Judge Blake also erred in granting the second Commonwealth petition to extend. In any event, it was properly granted. On June 30, 1978, defendant's mechanical rundate as extended by the first extension, the parties were in the midst of a suppression hearing, and when it became clear that the hearing could not be completed, and trial begun, that day, the Commonwealth filed the second petition. The petition came before Judge Blake six days later, and Judge Blake, because of the pendency of the suppression motion, granted it and extended the rundate to July 13, 1978. Clearly, he did so properly, as trial could not commence at least until the suppression judge had disposed of the motion before him.

Of course, defendant's trial did not begin until July 26, 1978, thirteen days after defendant's rundate, as extended by the second extension, but on July 10, 1978, defendant and his counsel signed a written waiver of his Rule 1100 rights until July 30, 1978, after Judge Anderson conducted a full colloquy with defendant on the matter

(N.T. 7/10/78, 30–33). This waiver was unquestionably valid, a conclusion which defendant does not contest on this appeal.

Defendant's citations to authority concerning the question of whether trial commences with a suppression motion reserved for time of trial, Brief for Appellant at 15, are obviously inappropriate, as the Commonwealth does not contend here that defendant's trial commenced with the commencement of the hearing on defendant's motion to suppress.

Defendant also complains about the facts that the second extension hearing was scheduled on the same day and at the same time as the still ongoing suppression hearing, and that he had to rush from the former to the latter, whereas the Commonwealth has two different assistant district attorneys at the two hearings. This "argument" is absolutely without legal significance and certainly would be an inadequate basis on which to grant a convicted felon an absolute discharge.

We are not dealing here with mere "recollection" of the court but rather with a clear record that needs no further support. I would affirm the judgment of sentence imposed by Judge Levy Anderson of the Court of Common Pleas of Philadelphia County.