451 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**John Robert SUTHERLAND, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 1982.

Filed Sept. 24, 1982.

Petition for Allowance of Appeal Denied Jan. 17, 1983.

2

Scott Lee Kelley, Hanover, for appellant.

Sheryl Ann Dorney, Assistant District Attorney, York, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

ROWLEY, Judge:

John Robert Sutherland, Jr., appellant, was convicted by a jury of robbery and simple assault in April of 1976. Post-trial motions were denied, and appellant was sentenced to 7½ to 15 years imprisonment. On direct appeal, the judgment of sentence was affirmed by this Court. *Commonwealth v. Sutherland,* 266 Pa.Super. 615, 405 A.2d 540 (1979).

On January 14, 1980, appellant filed a pro se petition for post-conviction relief seeking either his release from custody and discharge or the grant of a new trial on the ground that his trial counsel was ineffective. Counsel was appointed, and after an evidentiary hearing the petition was dismissed. Appellant's post-conviction counsel failed to file a timely appeal from that order. As a result, a second petition for post-conviction relief was filed by the appellant seeking the restoration of his appeal rights. The trial court granted his petition, appointed new counsel and reinstated the appellant's appeal rights. This appeal followed.

It has been said, generally, that in evaluating claims of ineffective assistance of counsel, the court must first determine whether or not the issue underlying the charge of ineffectiveness is of at least, "arguable merit". If it is, then the court must determine whether or not the course chosen by counsel had "some reasonable basis designed to effectuate" the interest of his client. *Commonwealth v. Burton,* 491 Pa. 13, 417 A.2d 611 (1980). If the issue is without

arguable merit or there was a reasonable basis for counsel's actions, counsel will be considered effective. "Furthermore, a finding of ineffectiveness can never be made unless it is demonstrated that the alternatives not chosen offered a potential for success substantially greater than the course actually followed". *Commonwealth v. Burton,* 491 Pa. at 20, 417 A.2d at 614. Initially, however, it is necessary to ascertain whether the petitioners factual averments underlying the ineffectiveness claim are consistent with the record.

Prior to appellant's arrest on the charges involved in this case, his victim identified appellant's photograph contained in a photographic display at the police station. Later the victim observed appellant, who was under arrest on other charges, in a room of the police station in the custody of a police officer. The trial court found that this view was accidental and was not planned. Although his trial counsel filed a motion to suppress any evidence of the photo identification, the victim's view of appellant at the station and any in-court identification by the victim, appellant now argues that counsel was ineffective for neglecting "to examine [a] crucial element necessary to a fair trial, that of failure of the Commonwealth to provide counsel for" him at the photographic display and when he was viewed by the victim at the station. This argument, however, is contradicted by the record. Trial counsel raised the issue of counsel in the pre-trial motion to suppress and in post-trial motions filed on behalf of appellant. The question of the need for counsel at the pre-arrest identification proceedings and the view of appellant was likewise raised on direct appeal by appellant's trial counsel in the brief he filed on appeal to this Court. Appellant's trial counsel, therefore, was not ineffective for failing to move to suppress the victim's in-court identification on the ground claimed by appellant. The record shows that the issue of the right to counsel at the photo display and the view at the station was fully litigated, pre-trial, post-trial, and on direct appeal contrary to appellant's present claim.

 At the suppression hearing, held April 29, 1976, on the motion filed by trial counsel, the Commonwealth was unable to present the collection of photographs used in the display. Counsel argued that this failure rendered *any* identification evidence by the victim inadmissable. The trial court held that the failure to produce the photographs did not render evidence of the victim's photographic identification inadmissible, nor did it require suppression of an in-court identification. Appellant now argues that counsel was ineffective for failing to cite, to the trial court, the decision of this Court in *Commonwealth v. Jackson,* 227 Pa.Super. 1, 323 A.2d 799 (1974). It is true that the Court in *Commonwealth v. Jackson,* required the suppression of any evidence concerning a photographic identification when the photographs are not produced for examination by defendant's counsel and the court. However, appellant was not harmed by the trial court's erroneous ruling in this regard since no evidence of the victim's photographic identification was offered or received in evidence at appellant's jury trial. Error in the abstract affords no basis for relief. It is only when the error is of sufficient dimension to have denied a defendant a fair trial that a remedy must be afforded the accused.

Additionally, *Commonwealth v. Jackson,* does not require suppression of an in-court identification when the photographs are not available. Thus, the citation by counsel of the decision in *Jackson,* would not have required a different result insofar as the court's refusal to suppress an in-court identification is concerned. The trial court made it clear, in a "supplemental opinion" filed April 6, 1977, in which both *Commonwealth v. Jackson* and *Commonwealth v. Hodge,* 246 Pa.Super. 71, 369 A.2d 815 (1977) were discussed, that a sufficient, independent, source existed for the victim's in-court identification, thereby making such testimony admissible. Thus, even had counsel cited *Jackson* during the suppression hearing the court would *not* have suppressed the in-court identification. Finally, *Commonwealth v. Jackson,* in addition to being cited in the trial court's supplemental opinion filed with this Court on direct appeal, was cited by

the Commonwealth in its brief filed on direct appeal. Thus, counsel's failure to cite *Commonwealth v. Jackson,* during the suppression hearing led to no harm or prejudice to defendant.

Finally, appellant claims that his trial counsel "neglected to argue" the fact that his trial was commenced fifty-eight (58) days after the expiration of the one hundred eighty (180) days allowed for commencement of trial under Pa.R. Crim.P. 1100. The original run-date under Rule 1100 was March 3, 1976. Trial was scheduled for the February, 1976 term of court. The trial, however, was continued pursuant to an application for a continuance filed by the appellant's trial counsel on February 27, 1976. Although appellant's present counsel argues in his written brief that "[a]t no time did the defendant consent to or authorize any such continuances", a review of the original record shows that the application *was* signed by appellant. On the same day the application for a continuance was filed, February 27, 1976, the Commonwealth filed an application for an extension of time in which to commence trial. The reason given for the application was that the trial could not be commenced within the required period because of the continuance requested by appellant. A hearing on the Commonwealth's application was set for March 19, 1976. On March 19, 1976, after hearing at which no objection was made, the trial court granted the Commonwealth's petition and extended the time for commencement of trial until May 28, 1976. On March 22 and 23, appellant was tried in York County on other, unrelated charges. Appellant was tried on the charges in this case in April 1976, well within the extended run-date of May 28, 1976.

■ " '(D)efense-requested continuance(s) may realistically obstruct diligent efforts by the Commonwealth to try an accused and may, therefore, justify an extension under Rule 1100(c)' *Commonwealth v. Mancuso,* 247 Pa.Super. 245, 253–54, 372 A.2d 444, 448 (1977)" *Commonwealth v. Hill,* 290 Pa.Super. 399, 403, 434 A.2d 813, 815 (1981). The continu-

ance requested by the appellant clearly prevented his trial from being commenced within 180 days after the criminal complaint had been filed. The request for a continuance was presented on the trial date which was only four (4) days prior to the run-date. Additionally, appellant's counsel stated that he was unavailable for trial during the succeeding week. Therefore, when appellant's petition for a continuance was granted by the Court and the trial was set for "the March, 1976, session of court" (after the original run-date) without any objection being raised, appellant effectively waived his right to be tried within 180 days. See *Commonwealth v. Brown,* 497 Pa. 7, 438 A.2d 592 (1981).

That continuance also effectively prevented the appellant from being brought to trial during the March term of court since it caused a potential conflict with appellant's trial scheduled for March, 1976, on unrelated charges. The *possibility* of prejudice to an accused by requiring that he proceed to two trials on unrelated charges before the same jury panel has been held to require a new trial. *Commonwealth v. Free,* 214 Pa.Super. 492, 259 A.2d 195 (1969). *Accord, Commonwealth v. Bobko,* 453 Pa. 475, 309 A.2d 576 (1973); *Commonwealth v. Strohl,* 226 Pa.Super. 245, 311 A.2d 708 (1973); *Commonwealth v. Trapp,* 217 Pa.Super. 384, 272 A.2d 512 (1970). Therefore, trial counsel's avoidance of the possibility of prejudice to appellant by not seeking a March, 1976 trial date was a reasonable course of action that was designed to protect appellant's best interest. The Commonwealth, therefore, was entitled to an extension of time under Pa.R.Crim.P. 1100(c), *Commonwealth v. Hill, supra,* and counsel's failure to oppose the requested extension does not constitute ineffectiveness. There has been no prejudice to appellant and both his counsel and the Commonwealth brought him to trial as soon as was consistent with his best interest after he requested a continuance and well within the extended run-date.

Order affirmed.