459 A.2d 821

**COMMONWEALTH of Pennsylvania**

v.

**William E. SINGLETON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 7,. 1982.

Filed April 29, 1983.

Rowley, J., filed dissenting statement.

226

Stephen Gary Welz, Reading, for appellant.

George C. Yatron, District Attorney, Reading, for Commonwealth, appellee.

Before CERCONE, President Judge, and CAVANAUGH and ROWLEY, JJ.

CERCONE, President Judge:

■ Appellant, William E. Singleton, appeals from the judgment of sentence following his conviction for Theft by Deception,[1] by which he was sentenced to pay a fine of $100.00, restitution of $150.00, and to undergo a period of incarceration of from six to twenty-four months. He argues on appeal that the Commonwealth failed to establish due diligence when it sought a petition to extend time pursuant to Pa.R.Crim.P. 1100, and, that, therefore, the lower court erred when it granted the Commonwealth's petition.[2] Finding merit in his argument, we reverse.

A criminal complaint on the instant charge was filed against appellant on January 31, 1980. Numerous related and unrelated informations were filed against appellant. This case was listed to be tried during the June jury trial sessions of Berks County, but remained untried owing to an overcrowded court calendar. It was rescheduled for a trial date in July, but counsel for appellant continued it until the August term; he alleged that the jury panel was tainted

1. 18 Pa.C.S.A. § 3922.

2. To establish a Rule 1100 claim, a defendant must either file a motion to dismiss the charges against him prior to trial or contest the Commonwealth's petition to extend the time for trial. *Commonwealth v. McFadden*, 300 Pa.Superior Ct. 299, 446 A.2d 624 (1982).

and that he needed more time in which to prepare his case. July 29, 1980 was the rundate of the 180 day period within which appellant was to be tried, and on that date the Commonwealth filed a petition to extend time.

On August 6, 1980, the lower court granted the Commonwealth's petition to extend time and ordered that three of appellant's criminal actions be listed for trial in the August sessions, between August 11 and 22, in the order in which the Court named them. The instant action was listed last. The first case was tried during the week of August 11; the second began on August 18 and the jury returned a verdict the next day. Evidence elicited at a hearing pursuant to the Commonwealth's second petition for extension of time under Rule 1100 established that the prosecutor who was assigned to try the instant case in August went on vacation on August 20, 1980. Additionally, appellant was available from August 19 for the duration of the trial term, August 22, 1980. However, a jury for the instant case would have been chosen from the same panel which provided the jury which convicted appellant on August 19. For this reason, the lower court granted the Commonwealth's second petition and ordered that

despite due diligence of the Commonwealth, the trial of the above-captioned cases could not commence and to avoid more than one trial jury being selected from the same jury panel that one trial of each of the above-captioned cases or one trial of any two or more of the above-captioned consolidated cases be held each week during the successive weeks of jury trials until all the cases are disposed of, beginning with case No. 80044001 [the instant case] during the week of September 8, 1980, unless otherwise ordered by the Court for cause shown upon application of either party.

It is this extension which appellant argues violated his right under Rule 1100 to a speedy trial.

The scope of review on appeal from an order granting a petition to extend requires the appellate court to consider the evidence presented by the Commonwealth and

so much evidence as presented by the defense as fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Mitchell*, 472 Pa. 553, 564, 372 A.2d 826, 831 (1977). Pa.R.Crim.P. 1100(c) provides that a petition for an extension of time "shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." To prove by a preponderance of the evidence that it has applied due diligence, the Commonwealth must take every step that it could reasonably be expected to take in trying to bring a defendant to trial within the prescribed period. *Commonwealth v. Brinton*, 275 Pa.Superior Ct. 304, 311, 418 A.2d 734, 737 (1980); *Commonwealth v. Fanelli*, 292 Pa.Superior Ct. 100, 436 A.2d 1024 (1981).

Evidence adduced at the hearing revealed that the Commonwealth sought a second extension for two basic reasons: (1) unavailability of the prosecutor because he was leaving on vacation on August 20; and (2) the same jury panel would have provided both the jury for the instant case and that of appellant's immediately preceding jury trial.

█ It is clear that by order of court, three of appellant's cases were to be tried beginning on August 11 and no later than August 22. When asked by the hearing court why the instant case was listed last of the three to be tried in August, the assistant district attorney explained that he requested that the other two cases be listed prior to the instant case because one was a felony and the other was a misdemeanor of the first degree. To avoid the risk of losing those two cases because of Rule 1100, he requested that the instant charge, a misdemeanor of the second degree, be listed last. No evidence was offered as to the rundates of the other two charges. In addition, no reason was advanced by the Commonwealth as to why a substitute assistant district attorney was not assigned to the instant case to insure compliance with the original order. As this court recently explained in reversing a lower court's order on Rule 1100 grounds,

Although unavailability of defense counsel will serve as an exclusion of time under Rule 1100(d)(3)(i), the unavailability of the prosecutor is not listed as an exclusion in determining the period for commencement of trial. On the contrary, the prosecution must demonstrate due diligence in bringing the accused to trial, and, when an extension is granted, trial must be scheduled for the earliest date consistent with the court's business.

*Commonwealth v. Ryan*, 306 Pa.Superior Ct. 159, 170, 452 A.2d 264, 269 (1982). We cannot find any authority for a showing of due diligence based on the unavailability of the prosecutor.[3] In fact, whether unavailability of a person for trial will nevertheless preserve the Commonwealth's evidence of due diligence rests on whether the person was within the Commonwealth's control.

When witnesses become unavailable toward the end of the Rule 1100 time period—whether through vacation, illness, or other reasons not within the Commonwealth's control, the Commonwealth is prevented from commencing trial within the requisite period despite its due diligence and an extension of time is warranted.

*Commonwealth v. Sharp*, 287 Pa.Superior Ct. 314, 430 A.2d 302 (1981).

In the instant case, appellant was ready and available to be tried on August 19, 1980. It was the unavailability of the prosecutor on the instant case which prevented the case from commencing prior to the expiration of the period originally extended by order of court on August 6, 1980. Regarding the unavailability of the prosecutor, we find that the Commonwealth did not meet its burden of showing due diligence.

Another reason which was advanced by the Commonwealth at the second Rule 1100 hearing was the fact that to have proceded to trial in the week of August 18, would have

3. In its petition for extension of time, the Commonwealth originally gave as its reason for extending time, the unavailability of the defendant because of his involvement in another trial. This was shown at the hearing to be erroneous.

required that a second jury be chosen from the same panel as provided the jury for the trial on appellant's immediately preceding charge. While we note that appellant himself obtained a continuance on some of his charges for this stated reason, in addition to his allegation that he needed more time for preparation, we do not find that such a reason warrants an extension by the Commonwealth.

The original court extension ordered that three of appellant's cases, including the instant one, be tried between August 11 and 22, two full weeks. Only two full panels would have been available for the three separately tried cases, at any rate. The Commonwealth at no time opposed this initial order. Absent allegations of how drawing two juries from the same panel presents such dangers to the trial process to warrant an extension, we cannot find that this fact illustrated that the Commonwealth exerted due diligence in bring appellant to trial in time.[4]

For the above reasons, the order of the lower court is reversed and appellant is discharged.

ROWLEY, J. files a dissenting statement.

ROWLEY, Judge, dissenting:

I respectfully dissent. I would affirm on the opinion of Judge Saylor dated June 11, 1981 and the record statement of President Judge W. Richard Eshelman at the conclusion of the extension hearing on September 5, 1980. *See Com. v. Sutherland,* 305 Pa.Super. 1, 451 A.2d 1 (1982).

4. In *Commonwealth v. Hall,* 267 Pa.Superior Ct. 204, 406 A.2d 765 (1979), appellant argued that the lower court erred in not granting him a continuance because of possible prejudice among the panel of venirepersons from which his jurors were chosen. In a jury trial, after the verdict of guilty was rendered, the judge, reading the jurors appellant's conviction record for robberies, congratulated them. Opining that these jurors would return to the general panel and discuss this with them, appellant requested a continuance. This Court affirmed the refusal for continuance; we noted that there was no evidence that the second jury would be chosen from the same panel as the first. In the instant case, the Commonwealth has not proved the inherent dangers of the situation it was challenging, as was evident in *Hall, supra.*