Costs on the Commonwealth.

## Commonwealth v. Badger

*Dennis J. Kovach,* Assistant District Attorney for the Commonwealth.
*Christopher J. Foust,* for defendant.

KREHEL, *P.J.,* December 12, 1984—Before the court is defendant's motion for dismissal under Rule 1100. Here we go again.

At the December 10, 1984 hearing on this matter, the Commonwealth chose to stand on the record and not introduce additional testimony or evidence. The record shows that on April 25, 1984 a criminal complaint was filed against defendant, charging him with Driving Under the Influence of Alcohol in violation of sections 3731(a)(1) and (4) of the Vehicle Code. Mr. Badger was also charged with crossing the centerline (75 Pa.C.S. §3301) and speeding (75 Pa.C.S. §3362), both of which are summary offenses under the Vehicle Code.

On May 29, 1984, a preliminary hearing was held before District Justice Kenneth Fairchild. At that time all charges were held for court.

Nothing further happened for nearly four months in this case until September 20, 1984, when an information was filed on these charges. On September 21, 1984, defendant was formally arraigned before the Hon. Samuel C. Ranck, J. Immediately following arraignment, the Commonwealth attempted to call this case for trial as the court was then in the middle of the September term of criminal court; and the Pa.R.Crim.P. 1100 period to commence trial would expire October 18, 1984, which was prior to the next regular term of court.

Defendant's attorney noted the prejudice which would occur if his client were brought to trial with-

out any opportunity for discovery. Judge Ranck denied the Commonwealth's request to proceed to trial.

On October 10, 1984, the Commonwealth timely filed a petition for extension of time to commence trial, citing the events of September 21, 1984 as the reason that the Commonwealth could not bring defendant to trial before October 18, 1984. On October 15, 1984, defendant timely filed an answer contesting the Commonwealth's petition for extension.

On November 28, 1984, defendant filed the motion to dismiss which is currently before the court. On that same day, the Commonwealth attempted to call the case for trial, but this court, over defense counsel's objection, continued the case until a hearing could be held on defendant's motion to dismiss. On December 10, 1984, the hearing on defendant's motion was held and this opinion explains the court's disposition of the motion to dismiss.

The Comment to Rule 1100 provides,

"It is intended that the defendant shall be entitled to a hearing on the Commonwealth's motion for extension within a reasonable time . . . . However, where the defendant, by his attorney, does not contest the motion, a hearing need not be held."

Since defendant did timely file an answer contesting the petition for extension, a hearing on the petition was required. Rule 1100(c), by its very language, does not countenance ex parte proceedings. Extension Petitions may not be granted ex parte. Commonwealth v. Waldon, 259 Pa. Super. 129, 393 A.2d 751 (1978); Commonwealth v. Mizic, 274 Pa. Super. 331, 418 A.2d 432 (1980); Commonwealth v. Boerner, 281 Pa. Super. 505, 422 A.2d 583 (1980).

Even assuming that the December 10, 1984 hearing was timely requested by the Commonwealth, the Commonwealth must still demonstrate that it used due diligence in attempting to bring defendant to trial, but, despite exercising due diligence, it was unable to commence trial before the expiration of the Rule 1100 period. Pa.R.Crim.P. 1100(c).

The Commonwealth must prove, by a preponderance of the evidence, that it has applied due diligence. Commonwealth v. Ehredt, 485 Pa. 191, 401 A.2d 358 (1979). In order to meet this burden, the Commonwealth "must take every step that it could reasonably be expected to take in trying to bring a defendant to trial within the prescribed period." Commonwealth v. Singleton, 313 Pa. Super. 224, 228, 459 A.2d 821, 822-23 (1983); Commonwealth v. Fanelli, 292 Pa. Super. 100, 436 A.2d 1024 (1981); Commonwealth v. Brinton, 275 Pa. Super. 304, 418 A.2d 734 (1980).

"The Commonwealth cannot place the burden on the accused to bring himself to trial." Commonwealth v. Roundtree, 469 Pa. 241, 253, 364 A.2d 1359, 1365 (1976). In this case, it is clear that the Commonwealth has not met its burden of showing due diligence in bringing defendant to trial. Standing on the record does not help the Commonwealth.

The district justice's transcript was filed on May 31, 1984, but defendant was not arraigned until September 21, 1984, nearly four months later. Arraignments were held before this court on June 7, 1984, June 30, 1984, August 2, 1984, and August 30, 1984. However, defendant was not arraigned on any of these occasions. When Judge Ranck asked the Commonwealth's attorney why defendant was not arraigned prior to September 21, 1984, the reply was:

"Your Honor, I do not have any information as to this other than I first discovered only this week that this particular case, the Information had not been filed and the individual had not been arraigned . . . . "

And further:

"Again, I can't state the reason why it was not previously brought . . . . The cause of the failure of the Commonwealth to file the Information, like I say, I do not have any specific knowledge as to the reasons."

The Commonwealth essentially admits that it lost track of this case. There is more than a three and one-half month delay between the preliminary hearing and the filing of the information. At least four arraignment opportunities were missed.

The Commonwealth's assertion in its petition for extension that it demonstrated due diligence is unsupported by the record. It is an expression not supported by any action.

The Commonwealth recognized that it had a Rule 1100 problem with this case. Judge Ranck made the proper decision in not allowing this case to be called in the September term of court. There would have been great prejudice to defendant to require him to go to trial the day after the information was filed, and without benefit of discovery and the filing of pre-trial motions.

The Commonwealth's last-minute efforts to salvage this case are an example of "too little, too late." Accordingly, the court enters the following

## ORDER

And now, this December 12, 1984, defendant's motion for dismissal under Rule 1100 is granted, and the charges against defendant are dismissed.