421 A.2d 455

COMMONWEALTH of Pennsylvania, Appellant,

v.

Patricia A. COLEMAN.

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 29, 1980.

Petition for Allowance of Appeal Denied Dec. 31, 1980.

Richard R. Tomsho, Assistant District Attorney, Allentown, for Commonwealth, appellant.

Thomas Wallitsch, Assistant Public Defender, Allentown, for appellee.

Before WICKERSHAM, BROSKY and EAGEN, JJ.*

PER CURIAM:

Herein, the Commonwealth appeals from an order of the Court of Common Pleas of Lehigh County dismissing criminal charges against Patricia A. Coleman on the basis of a violation of Pa.R.Crim.P. 1100.[1] The pertinent facts follow.

A criminal complaint was filed against Coleman on August 14, 1978 charging her with forged prescription and criminal attempt. A preliminary hearing scheduled for August 22, 1978 was continued when defense counsel returned a call from the district justice on August 22nd and said he had not received notice and could not attend. The hearing was rescheduled for August 31, 1978 but was continued at that time due to the unavailability of a Commonwealth witness. The preliminary hearing finally took place on October 3, 1978. The transcript of the hearing was sent to the Court of Common Pleas of Lehigh County on October 27, 1978 and was received by the District Attorney's office on October 31, 1978. An information was prepared on November 14, 1978; the case was assigned to a team of assistant district attorneys on December 1, 1978; and, the information was filed on December 12, 1978. Arraignment was held on December 21, 1978. The next term of criminal court was scheduled for January 15–26, 1979 and was followed by a term running from February 20 to March 2, 1979. On February 9, 1979, one day before the expiration of the 180–day period, the Commonwealth filed a petition to extend the time for commencement of trial. Coleman objected and moved to dismiss the charges under Rule 1100. On March 5, 1979, after a hearing, the court denied the Commonwealth's request for an extension and granted the motion to dismiss. This appeal followed.

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

1. Rule 1100 requires that the trial in a criminal case commence no later than one hundred and eighty (180) days from the date on which the complaint is filed.

The Commonwealth urges the hearing court erred in failing to grant the petition for an extension and in dismissing the charges. Rule 1100(c) directs that an application for an order extending the time for trial "shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." The Commonwealth contends the trial of Coleman's case could not be commenced within the 180-day period required by Rule 1100 despite its due diligence.

Accepting for the purposes of this appeal that justification for granting an extension under Rule 1100(c) may be found when trial cannot be commenced within the prescribed period because of delays in holding a preliminary hearing due to defense continuances, see, e. g., *Commonwealth v. Brown*, 252 Pa.Super. 365, 381 A.2d 961 (1977); *Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977), or to the unavailability of a Commonwealth witness, see *Commonwealth v. Brown*, supra, or because of delay caused by the magisterial court in returning the preliminary hearing transcript to the court of common pleas, cf. *Commonwealth v. Martin*, 246 Pa.Super. 407, 371 A.2d 903 (1977), and while some such delays occurred here, none prevented the trial from commencing timely. Hence, these delays were not sufficient in themselves to instantly justify granting an extension. See *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). Compare *Commonwealth v. Mitchell*, 245 Pa.Super. 562, 369 A.2d 770 (1977) (delay in holding preliminary hearing prevented inclusion of case on next grand jury docket and made it impossible for trial to begin within the time period mandated by Rule 1100.) Despite the delays in holding the preliminary hearing and in the return of the transcript instantly, the case could have been scheduled for trial during the January, 1979 term of court which would have been within the prescribed period.

As we have already related, the District Attorney's office received a copy of the transcript on October 31, 1978 or over three months before the 180-day period ended on February 10, 1979; an information was then prepared on November

14, 1978; the case was assigned to a team of assistant district attorneys on December 1, 1978; the information was filed on December 12, 1978; and, arraignment was held on December 21, 1978. We need not decide if the Commonwealth exercised due diligence in this processing of Coleman's case because there was still time to permit the listing of the case for trial within the 180–day period, i. e., during the January term of court (January 15–26, 1979).[2] However, the Commonwealth did not cause the case to be listed for the January term. It attempts to justify this saying Pa.R. Crim.P. 307 precluded commencing trial until 30 days after arraignment;[3] passage of the 30 days left only a few days remaining in the January term; a great number of cases were already listed for that term; and, the trial court at the time was not operating with a full complement.

First, the Commonwealth's position that Rule 307 prevents commencement of trial within 30 days of arraignment is unwarranted. Rule 307 speaks to the time period within which pretrial motions must be filed, i. e., within thirty (30) days of arraignment, but does not expressly or by necessary implication preclude trying a case within that period.[4]

Granted, trial of a case within thirty (30) days of arraignment might be prevented if the defendant were to object to

2. At the hearing on the petition for extension of time and the request for discharge, the court administrator of Lehigh County testified that the District Attorney's office regularly submitted a trial list with specific trial dates for cases; that this case could have been added to the January trial list at the request of the District Attorney's office; and, that cases with Rule 1100 problems had been added to trial lists at the request of the District Attorney in the past.

3. Rule 307 requires the filing of pretrial motions within thirty (30) days after arraignment.

4. Our interpretation is influenced by former Pa.R.Crim.P. 305 and 317 which, respectively, required pretrial motions to be made and arraignment held no less than ten (10) days before trial. The new rules pertaining to the time for arraignment (Rule 303) and filing pretrial motions (Rule 307) merely compute the necessary time periods forward from the time of indictment or information and arraignment respectively, rather than backward from the time of trial. As such, there is no indication that the new rules were intended to set a minimum time between arraignment and trial.

such scheduling on the ground that he required part or all of the remainder of the filing period to present motions; however, here there was no indication from Coleman that she needed the full thirty–day period to file pretrial motions or that she intended to file such motions, and, in fact, no pretrial motions were filed. Moreover, the Commonwealth's argument that it exercised due diligence is further weakened by the fact that, during the preceding terms of court, several cases had been scheduled for trial within thirty days of arraignment.

Second, even if the Commonwealth had been correct in its interpretation of Rule 307, the thirty–day period from Coleman's arraignment on December 21, 1978 ended on January 20, 1979. This would have allowed the Commonwealth to list Coleman's case for trial on any of the remaining days of the January session (January 21–26).[5] Yet, this was not done because the Commonwealth concluded the case would not be reached.

The hearing court found a lack of due diligence and dismissed the charges because the Commonwealth could have listed the case for the January term and, thus, could have complied with Rule 1100, but failed to do so and, thus, precluded any possibility of a timely commencement of trial. On this record, we cannot say the court's conclusion that due diligence was not exercised is erroneous.

Order affirmed.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

I dissent.

I would affirm the judgment of sentence on the opinion of the learned trial judge, the Honorable John E. Backenstoe.

5. Again, the court administrator testified at the hearing that the district attorney's office had the ability to add this case to the trial list. See n. 2, supra.