434 A.2d 813

**COMMONWEALTH of Pennsylvania,**

v.

**Frederic R. HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted May 6, 1981.

Filed Sept. 18, 1981.

400

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and LIPEZ, JJ.

CAVANAUGH, Judge:

On February 21, 1978 the appellant was tried by the lower court, sitting without a jury, and convicted of aggravated assault and possessing an instrument of crime. The sole issue before us is whether the lower court improperly granted the Commonwealth's petition for extension pursuant to Pa.R.Crim.P. 1100(c).

Rule 1100(c) provides as follows:

(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

The Commonwealth has the burden of proving by a preponderance of the evidence that it has met the requirements of Rule 1100(c). *Commonwealth v. Ehredt,* 485 Pa. 191, 194, 401 A.2d 358, 360 (1979). In reviewing a determination that the Commonwealth has met its burden, we consider only the evidence presented by the Commonwealth and so much evidence, as fairly read in the context of the record as a whole, remains uncontradicted. *Id.*

Here the complaint was filed on August 5, 1977, fixing the Rule 1100 run date as February 1, 1978. The case was listed for trial on eight different dates. The docket reveals the following listings and reasons why trial did not commence:

August 10, 1977: Complaining witness failed to appear at preliminary hearing.

August 31, 1977: Preliminary hearing held.

September 14, 1977: Appellant arraigned.

October 4, 1977: Defense request for investigation.

October 28, 1977: Case marked "ready, not reached".

December 1, 1977: Complaining witness failed to appear.

January 9, 1978: Complaining witness failed to appear.

January 26, 1978: Complaining witness failed to appear.

A form extension petition was filed and a hearing on the petition was held February 16, 1978. The following is the complete transcript of the extension hearing:

The Court: Initiation date of August 5th; normal run date of February 1st.

The Commonwealth filed their petition on February 1st so it appears to be timely filed.

I note the two continuances of 10–4 to 10–28 public defender needs more time.

10–28 to 12–11, case not reached. The latter being judicial delay.

Based on that record I will make a finding of due diligence.

When is the matter listed for trial?

Mr. Gallagher: 2–21, 475.

The Court: I'll extend to 2–23.

Ms. Fernandez: May I enlighten the Court?

On 12–1 to 1–9, complaining witness failed to appear. 1–9 again the complaining witness failed to appear. 1–26 the complaining witness failed to appear.

I would challenge here due diligence in trying this defendant.

The Court: I'll make it a must be tried.

On the basis of the inadequacy of the Commonwealth's evidence of due diligence at the extension hearing the lower

court concluded that the extension was improperly granted and that the appellant should be discharged.[1] We agree.

■ The Commonwealth argues that since an overcrowded court calendar and the defense requested continuance prevented an earlier trial of the appellant's case, despite the exercise of due diligence, the appellant is not entitled to relief. While it is true that judicial delay may be a proper basis for extension, *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the record must contain a showing of the due diligence and certification that the trial is scheduled for the earliest date consistent with the court's business. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976). This requirement has been strictly applied; *Commonwealth v. Levitt*, 287 Pa.Super. 115, 429 A.2d 1126 (1981); *Commonwealth v. Freeman*, 280 Pa.Super. 462, 421 A.2d 814 (1980); *Commonwealth v. Smith*, 269 Pa.Super. 424, 410 A.2d 329 (1979); *Commonwealth v. Weber*, 256 Pa.Super. 483, 390 A.2d 206 (1978). A bare assertion that a case is ready but not reached is clearly insufficient in view of the holding in *Mayfield*.

■ Although defense continuances of less than thirty days are not excludable under Rule 1100(d)(2), it is true that "defense-requested continuances may realistically obstruct diligent efforts by the Commonwealth to try an accused and may, therefore, justify an extension under Rule 1100(c)." *Commonwealth v. Mancuso*, 247 Pa.Super. 245, 253–54, 372 A.2d 444, 448 (1977). Here, however, there is no evidence whatsoever that the defense continuance obstructed "diligent efforts" by the Commonwealth so as to justify an extension. Further, we note that the Commonwealth's statement that the complaining witness is unavailable, without more, does not establish due diligence. *Commonwealth*

1. Appellant was tried and convicted in February, 1978. Posttrial motions were heard and denied. Appellant was sentenced in April, 1978. The lower court's opinion was rendered on January 23, 1981. There is no explanation for the delay in the filing of the lower court's opinion.

404

*v. Ehredt, supra,* 485 Pa. at 195, 401 A.2d at 360–61; *Commonwealth v. Brant,* 272 Pa.Super. 135, 414 A.2d 707 (1980).

Judgment of sentence reversed and appellant discharged.