449 A.2d 596

**COMMONWEALTH of Pennsylvania**

v.

**Dexter BRIGHT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Aug. 6, 1982.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and WIEAND, JJ.

WIEAND, Judge:

Dexter Bright has appealed from a judgment of sentence imposed following conviction in a bench trial for robbery,[1] criminal conspiracy [2] and simple assault.[3]  His sole contention is that the trial court erred when it granted the Commonwealth's petition to extend the time for commencement of trial under Pa.R.Crim.P. 1100(c).[4]  Finding appellant's

1.  18 Pa.C.S. § 3701.

2.  18 Pa.C.S. §§ 903, 3701.

3.  18 Pa.C.S. § 2701.

4.  Rule 1100(c) provides:

argument to be without merit, we affirm the judgment of sentence.

Appellant was arrested on March 14, 1979, and a complaint was filed against him the following day, March 15, 1979. Pursuant to Rule 1100(a)(2),[5] therefore, the run date for commencement of trial was September 11, 1979. A preliminary hearing was held on April 17, 1979, and the charges against appellant were returned to court. On June 20, 1979, defense counsel requested and was granted a continuance for fifty days. Pursuant to Rule 1100(d)(2),[6] the grant of the fifty day continuance at the request of the defense resulted in an exclusion of twenty days and enlarged the time for commencement of trial to October 1, 1979. On August 9, 1979, the case was called for trial, but the complaining witness was then on vacation and unavailable for trial. A motion by the Commonwealth for continuance was granted, and the case was relisted for trial on September 4, 1979. On September 4, 1979, both the Commonwealth and appellant appeared before the Honorable Nicholas Cipriani, but on this date the arresting officer was

> (c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

**5.** Rule 1100(a)(2) provides:
> (2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

**6.** Rule 1100(d) provides:
> (d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
> (1) the unavailability of the defendant or his attorney;
> (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

on vacation and unavailable. The case was again continued, and a new trial date was set for October 23, 1979.[7] On September 6, 1979, the Commonwealth filed a timely application for an extension pursuant to Rule 1100(c), alleging that because of the unavailability of the complainant and the arresting officer at the two previous trial listings and despite due diligence, trial could not be commenced within the time allowed by Rule 1100. Appellant filed an answer and, on September 28, 1979, moved to dismiss. A hearing was held on October 15, 1979 before the Honorable Ned L. Hirsh, who granted the Commonwealth's petition and ordered trial to be commenced on or before November 2, 1979. On October 23, 1979, appellant was tried and convicted.

"In reviewing the lower court's ruling that the Commonwealth has or has not met its burden of proving due diligence, we may consider only the evidence presented at the hearing by the Commonwealth and that evidence presented by the defendant which remains uncontradicted." *Commonwealth v. Sharp*, 287 Pa.Super. 314, 317, 430 A.2d 302, 304 (1981). *Accord Commonwealth v. Ehredt*, 485 Pa. 191, 194, 401 A.2d 358, 360 (1979); *Commonwealth v. Mitchell*, 472 Pa. 553, 564, 372 A.2d 826, 831 (1977); *Commonwealth v. Jackson*, 269 Pa.Super. 249, 253 n.4, 409 A.2d 873, 875 n.4 (1979). Appellant offered no evidence at the hearing, and the Commonwealth offered into evidence the record containing the notations made by the trial judge at the two previous listings of the case for trial. The record disclosed that on August 9, 1979, the complainant was on vacation, and that on September 4, 1979, the arresting officer was also on vacation.

In *Commonwealth v. Postell*, 280 Pa.Super. 550, 552, 421 A.2d 1069, 1070 (1980), the appellant argued that the lower

---

**7.** Although the record may not be complete, it does not reflect that either appellant or his counsel made any objection when the court announced a new trial date beyond the Rule 1100 run date. This case was briefed and submitted before the Supreme Court's decision in *Commonwealth v. Brown*, 497 Pa. 438, 438 A.2d 592 (1981), and the issue of waiver has not been discussed. Our decision on appeal, therefore, is not based upon appellant's apparent failure to object to the October 23rd trial date set by the court.

court had erred in accepting court records as evidence in a Rule 1100(c) hearing to extend. This Court dismissed the argument, noting that the use of notations in court records had been permitted in *Commonwealth v. Gibson*, 248 Pa.Super. 348, 375 A.2d 132 (1977) and *Commonwealth v. Kollock*, 246 Pa.Super. 16, 369 A.2d 787 (1977). *See also Commonwealth v. Jackson, supra*, 269 Pa.Super. at 253–254, 409 A.2d at 875. Similar records were properly received and considered by the court in the instant case.

■ It is beyond peradventure that " '[a] court may grant the Commonwealth an extension of time for trial if it finds that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.' Pa.R.Crim.P. 1100(c)." *Commonwealth v. Sharp, supra* 287 Pa.Super. at 317, 430 A.2d at 304 (1981), quoting *Commonwealth v. Miller*, 270 Pa.Super. 178, 182, 411 A.2d 238, 240 (1979). In the instant case, the delays on August 9, 1979 and September 4, 1979 were occasioned by the unavailability of the Commonwealth's witnesses due to their respective vacation schedules. "[W]hen witnesses become unavailable toward the end of the Rule 1100 time period—whether through *vacation*, illness, or other reasons not within the Commonwealth's control—the Commonwealth is prevented from commencing trial within the requisite period despite its due diligence and an extension of time is warranted." *Commonwealth v. Sharp, supra* 287 Pa.Super. at 317, 430 A.2d at 304, quoting *Commonwealth v. Sinor*, 264 Pa.Super. 178, 183 n.5, 399 A.2d 724, 727 n.5 (1979) (emphasis added). This Court has repeatedly held that where delay in the commencement of trial is caused by the unavailability of a witness rather than by a lack of due diligence on the part of the Commonwealth, an extension under Rule 1100(c) is properly granted: *Commonwealth v. Thompson*, 292 Pa.Super. 108, 111–112, 436 A.2d 1028, 1030 (1981); *Commonwealth v. Long*, 288 Pa.Super. 414, 432 A.2d 228 (1981); *Commonwealth v. Schuster*, 288 Pa.Super. 310, 431 A.2d 1063 (1981); *Commonwealth v. Sharp, supra* 287 Pa.Super. at 318, 430 A.2d at 304; *Commonwealth v. Coleman*, 280 Pa.Super. 162, 164, 421 A.2d 455,

456 (1980); *Commonwealth v. Brant,* 272 Pa.Super. 135, 141, 414 A.2d 707, 710 (1979); *Commonwealth v. Sinor, supra* 264 Pa.Super. at 183 n.5, 399 A.2d at 727 n.5; *Commonwealth v. Brown,* 252 Pa.Super. 365, 369, 381 A.2d 961, 963 (1977).

■ Moreover, the initial delay in the instant case was caused by a defense requested continuance. "[D]efense-requested continuances may realistically obstruct diligent efforts by the Commonwealth to try an accused and may, therefore, justify an extension under Rule 1100(c)." *Commonwealth v. Brant, supra* 272 Pa.Super. at 140–141, 414 A.2d at 709, quoting *Commonwealth v. Mancuso,* 247 Pa.Super. 245, 253–254, 372 A.2d 444, 448 (1977). *Accord Commonwealth v. Hill,* 290 Pa.Super. 399, 403, 434 A.2d 813, 815 (1981); *Commonwealth v. Garnett,* 258 Pa.Super. 115, 120, 392 A.2d 711, 713 (1978); *Commonwealth v. Brown, supra* 252 Pa.Super. at 368–369, 381 A.2d at 963; *Commonwealth v. Gibson,* 248 Pa.Super. 348, 352, 375 A.2d 132, 133 (1977). Although it cannot be said that the defense continuance prevented trial within the period allowed therefor by Rule 1100, it may be observed that such continuance did delay trial until the traditional summer vacation period. Thus, it could be considered by the court in determining whether the Commonwealth had exercised due diligence.

This is not a case involving the concept of judicial delay. Therefore, we find it unnecessary to discuss the circumstances under which judicial delay will warrant the granting of an extension under *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976). The only issue in this case is whether the Commonwealth exercised due diligence in commencing trial.

■ Appellant's trial date, as set by the court, was twenty-two days beyond the original amended run date under Rule 1100.[8] The causes for the delay were (1) a defense

8. The dissent would set aside the conviction for robbery and discharge appellant because, it contends, the Commonwealth failed to demonstrate that it had exercised due diligence between September 4 and October 1. It is not at all clear, however, what the representatives of the Commonwealth should have done to overrule the trial

continuance, and (2) the unavailability of Commonwealth witnesses occasioned through no fault of the Commonwealth. Under these circumstances, the trial court properly granted an extension of time within which to commence trial.

The judgment of sentence is affirmed.

CERCONE, President Judge, files a dissenting opinion.

CERCONE, President Judge, dissenting:

I heartily dissent.

Rule 1100(c) provides that applications by the Commonwealth to extend the time for trial may be granted "only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Since *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), Rule 1100(c) has been interpreted to require a record showing of due diligence. The Supreme Court stated there:

Henceforth, the trial court may grant an extension under Rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

Id., 469 Pa. at 222, 364 A.2d at 1349–1350. *Cf. Commonwealth v. Berry*, 271 Pa.Superior Ct. 466, 414 A.2d 130 (1979); *Commonwealth v. Warman*, 260 Pa.Superior Ct. 143, 393 A.2d 1046 (1978). Mere assertions of due diligence and allegations of fact do not establish cause for an extension of time under Rule 1100(c). *See Commonwealth v. Ehredt*, 485

court and reschedule appellant's trial after the court, on September 4, had specifically set October 23 as the date for the continued trial. It would seem that the District Attorney acted reasonably and with due diligence when he took the only practical step available. He asked the court to extend the time for commencement of trial to accommodate the trial date set by the court.

Pa. 191, 401 A.2d 358 (1979); *Commonwealth v. Antonuccio*, 257 Pa.Superior Ct. 535, 390 A.2d 1366 (1978); *Commonwealth v. Ray*, 240 Pa.Superior Ct. 33, 360 A.2d 925 (1976). Of course, the Commonwealth may obtain the extension it seeks if it presents sufficient evidence at the hearing on Rule 1100 petition. *Cf. Commonwealth v. Cimaszewski*, 261 Pa.Superior Ct. 39, 395 A.2d 931 (1978). In our review of the hearing court's ruling we may consider the evidence presented by the Commonwealth and only so much of the defense evidence which goes uncontradicted. *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). Moreover, in *Commonwealth v. Jackson*, 269 Pa.Superior Ct. 249, 409 A.2d 873 (1979) this Court held that Rule 1100 hearings need not be exhaustive in order to be thorough. As Judge Spaeth wrote there:

> It is therefore settled that Rule 1100 requires *evidence* in support of a petition to extend. This does not mean that Rule 1100 hearings may not be short and to the point. If a Commonwealth petition pleads facts that the answer admits, no further proof should be necessary. *Commonwealth v. Ehredt, supra*, 485 Pa. at 191 n.8, 401 A.2d 358 n.8.
>
> The technique of judicial notice may also be useful.

Id., 269 Pa.Superior Ct. at 253, 409 A.2d at 875. (Footnote omitted). Thus, I have no quibble with the majority when it finds no error on the part of the lower court in accepting the notations in the quarter sessions file concerning the unavailability of prosecution witnesses on August 9 and September 4. However, I cannot accept its conclusion that this alone was sufficient to sustain the Commonwealth's burden of proof of its diligence.

To my mind the most that can be inferred from the fact that the arresting officer was unavailable for trial on September 4 is that the Commonwealth had been diligent up until and including that date. But, there is absolutely no evidence in the record which supports the inference that the Commonwealth was diligent after that date. It is impossi-

ble to tell from this record when the arresting officer returned from his vacation. (Indeed, given the fact that September 4 was the day after Labor Day, it might not be unreasonable to infer that the arresting officer shortly returned from his vacation.) How the majority can conclude that the mere notation of the officer's absence on September 4 shows that the Commonwealth was diligent in not bringing appellant to trial before the run-date, October 1, completely escapes me.

Moreover, the Commonwealth completely failed to show that upon the officer's return (assuming of course that he returned before the run-date, said assumption being necessitated by the Commonwealth's failure to establish the date of his return) that appellant could not have been brought to trial within the run-date on his case advanced over others without Rule 1100 problems. *See Commonwealth v. Freeman,* 280 Pa.Superior Ct. 462, 421 A.2d 814 (1980); *but see Commonwealth v. Suggs,* 289 Pa.Superior Ct. 44, 432 A.2d 1042 (1981).*

Furthermore, *Commonwealth v. Mayfield, supra* requires not only a record showing of the prosecution's due diligence, but a certification that the case is scheduled for the earliest possible date consistent with the court's business. This certification is entirely lacking in this case as well.

Because I believe that the Commonwealth failed to sustain its burden of proving its diligence, and because the court did not certify that the trial was begun at the earliest possible date consistent with its business I would reverse and discharge appellant. Accordingly, I must dissent.

* See *Commonwealth v. Tate,* 299 Pa.Superior Ct. 518, 445 A.2d 1250 (1982) (Opinion per Johnson, J. with Spaeth and Wieand JJ. joining). Here it was held that it was ineffective assistance of counsel to preserve for appeal a Rule 1100 question involving a police officer's inability to appear on the date of trial but where he returned shortly thereafter, and where the Commonwealth presented no evidence as to why the case could not have been tried upon the officer's return.