## Commonwealth v. Boyles

*Dennis Kovach*, for the Commonwealth.
*Marvin J. Rudnitsky*, for defendant.

KREHEL, *P.J.*, October 17, 1984—On April 28, 1984, a criminal complaint was filed, charging defendant, James Arthur Boyles, with two counts of aggravated assault 18 Pa. C.S. §2702(a)(2) and (a)(3), one count of terroristic threats 18 Pa. C.S. §2706, two counts of recklessly endangering an-

other person 18 Pa. C.S. §2705, one count of resisting arrest 18 Pa. C.S. §5104 and two counts of disorderly conduct 18 Pa. C.S. §5503(a)(1) and (a)(4). On May 3, 1984 a preliminary hearing was held before District Justice Kenneth Fairchild at which all counts were held for court.

On August 30, 1984, defendant was arraigned.

On September 17, 1984, the Commonwealth attempted to call this case for trial. Defendant objected to the calling of the case on the grounds that he did not have an opportunity to file an omnibus pretrial motion pursuant to Pa.R.Crim.P. 307, which provides that a defendant shall have 30 days after arraignment to file such a motion. This court did not allow the case to proceed to trial.

On October 3, 1984, the Commonwealth filed a petition for extension of time to commence trial. On October 15, 1984, defendant filed an answer to the Commonwealth's petition. The 180-day period under Pa.R.Crim.P. 1100 would expire October 24, 1984.

The initial question is whether defendant's objection to the commencement of trial within 30 days of arraignment may be properly designated as a defense request for a continuance, and, therefore, be excludable from the 180-day period. Pa.R.Crim.P. 1100(d)(3)(ii).

Our recent decision in Commonwealth v. Bator, Northumberland County, Criminal Division, no. CR-84-308, filed October 16, 1984, is dispositive of this issue. In Bator, defendant objected to the calling of the case for trial 18 days after arraignment, because he did not have an opportunity to file pretrial motions. This court noted the statement of the Superior Court in Commonwealth v. Coleman, 280 Pa. Super. 162, 421 A.2d 455 (1980), that

"Rule 307 speaks to the time period within which pretrial motions must be filed, i.e., within thirty (30) days of arraignment, but does not expressly or by necessary implication preclude trying a case within that period.

Granted, trial of a case within thirty (30) days of arraignment might be prevented if the defendant were to object to such scheduling on the ground that he required part or all of the remainder of the filing period to present motions. . . ." 280 Pa. Super. at 165-166, 421 A.2d at 457.

In Bator, this court concluded that defendant's objection to the calling of the case for trial should be treated as a defense request for a continuance until the expiration of the period provided in Pa.R.Crim.P. 307.

In Commonwealth v. Hill, 104 Dauphin Co. Rep. 496 (1984), a case very similar to the present case, the learned Judge Lipsitt reached the same conclusion as this court in Bator. We found Judge Lipsitt's reasoning persuasive when deciding Bator, and we find it to be persuasive now.

Therefore, defendant's objection to the calling of this case for trial on September 17, 1984 should be treated as a defense request for a continuance until October 1, 1984, 1 Pa.C.S. §1908, the expiration of the period in which defendant could file an omnibus pre-trial motion udner Pa.R.Crim.P. 307.

The final question is whether the Commonwealth's petition for extension should be granted. The Commonwealth has exercised due diligence in bringing defendant to trial and was in fact prepared to do so on September 17, 1984. The sole reason for the non commencement of trial was defendant's request for time to file an omnibus pre-trial motion under Rule 307.

Following the reasoning in Commonwealth v. Coleman, supra, and Commonwealth v. Bator, supra, the Commonwealth was not necessarily precluded from calling this case on September 17, 1984. The continuance requested by Defendant prevented the trial of this case in the September term of criminal court.

Accordingly, this court enters the following

## ORDER

And now, this October 17, 1984, the Commonwealth's petition for extension of time to commence trial is granted. Defendant is to be held for trial in the November term of criminal court.