J-S40044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRENCE L. RIDLEY | : | |
| | : | |
| Appellant | : | No. 3244 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 11, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005285-2018

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED:  APRIL 12, 2021**

This matter is an appeal by Appellant, Terrence L. Ridley, from the

judgment of sentence imposed following his convictions for Drug Delivery

Resulting in Death, Conspiracy to Commit Drug Delivery Resulting in Death,

Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a

Controlled Substance (PWID), Criminal Use of a Communication Facility, and

Involuntary Manslaughter.[1]  This appeal is before us a second time following

a remand to the trial court for a supplemental opinion making findings as to

the periods of pretrial delay that are excludable in determining whether

dismissal of the charges against Appellant was required by Rule 600 of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2506(a), 18 Pa.C.S. § 903, 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 7512(a), and 18 Pa.C.S. § 2504(a), respectively.

Pennsylvania Rules of Criminal Procedure for failure to bring Appellant to trial within 365 days. Also before the Court is an application for reargument filed by Appellant. For the reasons set forth below, we vacate Appellant's PWID conviction for lack of jurisdiction, but deny the application for reargument and affirm Appellant's other convictions and judgment of sentence.

As we set forth in our prior memorandum decision, this case arises out of the March 22, 2018 fentanyl overdose death of Amanda Risko. Appellant was convicted of the above offenses following a bench trial. The trial court found the following facts:

> Risko had just completed … drug treatment at a local drug rehabilitation center and was released on March 21, 2018. That same day, immediately upon release from the rehabilitation center, Risko contacted Appellant's co-defendant, Michael Santangelo, to get him to reach out to Appellant to buy fentanyl for her. Santangelo had been buying fentanyl consistently from Appellant for months prior to March 21, 2018. Both Risko and Santangelo were very familiar with the quality of the fentanyl they had previously obtained from Appellant and were impressed with the potency of the particular brand of fentanyl which was packaged and identified on the street as "Rolex" brand. At Risko's request, Santangelo made contact with Appellant on March 21, 2018; purchased the fentanyl with money provided by Risko and delivered the fentanyl to second co-defendant of Appellant and paramour of Risko, Ronald Filderman, who ultimately delivered the drugs to Risko. Filderman was present with Risko when she used some of the drugs provided by Appellant and additional bags of the "Appellant provided" fentanyl was [*sic*] left with Risko when Filderman left the residence the next morning. … [U]pon return to the residence, Filderman found Risko dead in her bed, it now being March 22nd.

Trial Court Opinion, 1/7/20, at 2-3 (record citations omitted) (quotation marks in original). Risko and Santangelo lived in Bucks County, Pennsylvania, and

Appellant lived in Trenton, New Jersey. *Id.* at 3. Santangelo purchased the drugs that Risko consumed from Appellant in Trenton, New Jersey and brought them back to Risko and Filderman in Bucks County, Pennsylvania. N.T. Trial, 8/27/19, at 158-65, 185-86; Commonwealth Ex. 15. Risko ingested the drugs in Bucks County, Pennsylvania and died in Bucks County, Pennsylvania. Trial Court Opinion, 1/7/20, at 12-13. After Risko's death, Santangelo cooperated on April 3, 2018 in a controlled drug buy in which he bought "Rolex" fentanyl from Appellant in Trenton, New Jersey. *Id.* at 3-4.

Appellant was charged on July 12, 2018 with Drug Delivery Resulting in Death and other offenses relating to the March 21, 2018 drug sale and Risko's death, and was arrested on July 13, 2018. Criminal Complaint; N.T. Trial, 8/28/19, at 17-18. Appellant's trial was originally scheduled for January 28, 2019, but that trial date was cancelled on January 4, 2019 and no new trial date was set at that time. Pretrial Ex. 1, Secure Docket Entries at 1, 5-6. On January 25, 2019, Appellant filed a motion for release on nominal bail pursuant to Pa.R.Crim.P. 600(B) because he had been held in pretrial incarceration for over 180 days. Following a hearing on February 1, 2019, Appellant was released on nominal bail with GPS monitoring. On March 29, 2019, Appellant's trial was scheduled for June 25, 2019 as a jury trial. Pretrial Ex. 1, Secure Docket Entries at 8.

On April 4, 2019, Appellant filed a petition for habeas corpus asserting, *inter alia*, lack of jurisdiction. The Commonwealth filed a motion on April 18,

- 3 -

2019 to allow evidence of the April 3, 2018 controlled buy to be admitted at Appellant's trial pursuant to Pa.R.E. 404 and Appellant opposed this motion. In addition, Appellant filed an omnibus pre-trial motion on April 25, 2019. Following hearings on these motions, the trial court, on May 1, 2019, granted the Commonwealth's motion to admit the controlled buy, denied Appellant's petition for habeas corpus, and resolved all other outstanding motions. N.T. Pre-Trial Conference, 5/1/19, at 3-7, 72-85. On June 24, 2019, the Commonwealth requested a continuance of the June 25, 2019 trial date because the prosecutor was still trying a case before another judge and Appellant did not object to that continuance. N.T. Trial, 8/26/19, at 23-24; Pretrial Ex. 1, Secure Docket Entries at 11.

Appellant's trial did not begin until August 26, 2019. This trial date was set by the Bucks County Court of Common Pleas Court Administration after the continuance of the June 25 date was requested. Trial Court Supplemental Opinion at 7-8, 10-11; N.T. Trial, 8/26/19, at 25-27. On the morning of August 26, 2019, before trial started, Appellant filed a motion to dismiss all charges with prejudice on the ground that the Commonwealth failed to bring him to trial within 365 days as required by Pa.R.Crim.P. 600(A). The trial court heard from the prosecutor and Appellant's counsel concerning the reasons for delay of the trial date and denied Appellant's motion to dismiss. N.T. Trial, 8/26/19, at 5-38. Following that ruling, Appellant waived his right to jury trial and a bench trial was held from August 26 to August 29, 2019.

Before Appellant's trial commenced, the Commonwealth and defendants Santangelo and Filderman jointly requested a continuance of the cases against them, which the trial court granted, *id.* at 3-5, and Santangelo and Filderman, both of who testified as Commonwealth witnesses against Appellant, were not tried with Appellant.

On September 5, 2019, the trial court found Appellant guilty of Drug Delivery Resulting in Death, Conspiracy to Commit Drug Delivery Resulting in Death, PWID, Criminal Use of a Communication Facility, and Involuntary Manslaughter. On October 11, 2019, the trial court sentenced Appellant to 6 to 12 years' incarceration for Drug Delivery Resulting in Death and imposed no further penalty for the other offenses. No post-sentence motions were filed. Appellant filed this timely appeal from the judgment of sentence on November 8, 2019.

Appellant presented the following issues for our review:

A. The trial court abused its discretion in granting the Commonwealth's pre-trial motion to introduce subsequent bad acts [the controlled drug buy].

B. Did the trial court act erroneously in failing to dismiss several charges [PWID and Criminal Use of a Communication Facility] based on lack of jurisdiction?

C. Did the trial court erred [*sic*] in denying Appellant's motion to dismiss pursuant to Rule 600?

D. Did the trial court err by finding Appellant Ridley guilty of all charges when the evidence was not sufficient because the testimony from the two co-[defendants] was inconsistent and unreliable.

Appellant's Brief at 4 (unnecessary capitalization and trial court answers omitted). On November 10, 2020, we issued a memorandum decision in which we rejected Appellant's first and fourth issues, remanded the case to the trial court for a supplemental opinion on Appellant's third issue and deferred consideration of Appellant's second issue.

On January 5, 2021, the trial court filed its supplemental opinion. In addition, on January 12, 2021, Appellant filed an application for reargument with respect to this Court's ruling on his fourth issue, asserting that under a subsequent Pennsylvania Supreme Court decision the Commonwealth's evidence was insufficient to support his Drug Delivery Resulting in Death conviction. There are therefore three matters now before this Court: 1) whether dismissal of all of the charges against Appellant was required by Rule 600 for failure to bring Appellant to trial within 365 days; 2) whether the trial court erred in failing to dismiss the PWID and Criminal Use of a Communication Facility charges for lack of jurisdiction; and 3) Appellant's application for reargument on the issue of sufficiency of the evidence with respect to his Drug Delivery Resulting in Death conviction.

Pennsylvania Rule of Criminal Procedure 600 requires that the Commonwealth bring a defendant to trial within 365 days from the date on which the criminal complaint was filed. Pa.R.Crim.P. 600(A)(2)(a); *Commonwealth v. Barbour*, 189 A.3d 944, 947 (Pa. 2018). Rule 600 provides that in determining whether the 365-day period has expired, "periods

of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence" and that "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

If the defendant is not brought to trial within 365 days, he may file a motion at any time before trial requesting dismissal of the charges against him with prejudice. Pa.R.Crim.P. 600(D)(1). When such a motion is filed, the trial court is required to conduct a hearing and identify each period of delay and attribute it to the responsible party to adjust the 365-day period and determine the date by which the defendant must be tried. *Id.*; *Barbour*, 189 A.3d at 947.

Where delay was not caused by the defendant, the burden is on the Commonwealth to show by a preponderance of the evidence that it acted with due diligence to bring the defendant to trial within Rule 600's time limit. *Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012); *Commonwealth v. Thompson*, 136 A.3d 178, 182-83 (Pa. Super. 2016); *Commonwealth v. Colon*, 87 A.3d 352, 359 (Pa. Super. 2014). Whether the Commonwealth acted with due diligence is a fact-specific inquiry that must be determined on a case-by-case basis. *Commonwealth v. Selenski*, 994 A.2d 1083, 1089 (Pa. 2010); *Commonwealth v. Wendel*, 165 A.3d 952, 956 (Pa. Super. 2017). "Due diligence does not require perfect vigilance and

punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." **Wendel**, 165 A.3d at 956-57.

We review a trial court's denial of a Rule 600 motion to dismiss for abuse of discretion. **Commonwealth v. Bethea**, 185 A.3d 364, 370 (Pa. Super. 2018); **Thompson**, 136 A.3d at 182. In this review, this Court must view the facts in the light most favorable to the prevailing party, which in this case is the Commonwealth. **Bethea**, 185 A.3d at 370; **Wendel**, 165 A.3d at 956 (Pa. Super. 2017).

In addition, when considering whether dismissal is required under Rule 600,

> this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.
>
> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

**Bethea**, 185 A.3d at 370 (quoting **Wendel**) (brackets and ellipsis in original) (emphasis omitted).

- 8 -

Here, Appellant's trial began on August 26, 2019, 410 days after the criminal complaint was filed on July 12, 2018, and beyond the Rule 600 deadline, unless at least 45 days of delay in bringing him to trial were caused by Appellant or can be excluded because they occurred despite the Commonwealth's exercise of due diligence. There was no evidence or contention that Appellant requested any continuances or delays of the trial. Trial Court Opinion, 1/7/20, at 24.

In its supplemental opinion, the trial court found that the Commonwealth had not met its burden of showing that it acted with reasonable diligence with respect to any delays prior to June 24, 2019 and that the time periods prior to the June 24, 2019 request for a continuance were not excludable. Trial Court Supplemental Opinion at 8-9, 12, 16, 19-20. The Commonwealth has not challenged these findings.[2] The trial court held, however, that the delay caused by the June 24, 2019 continuance, which was granted because the prosecutor was on trial in another case, was excludable and that Appellant was therefore brought to trial within Rule 600's time limit. *Id.* at 17-19, 21-22.

_____

[2] Despite the fact that the trial court's supplemental opinion reached different conclusions with respect to some of the delays that it referenced in its original opinion, neither the Commonwealth nor Appellant requested leave to file supplemental briefs addressing the trial court's findings in its supplemental opinion.

The record is clear that Appellant did not object to the June 24, 2019 continuance. The defendant is not required to object to a trial date set by the court for a date that is beyond the period prescribed by Rule 600, provided that he does not indicate that he approves of or accepts that delay. *Colon*, 87 A.3d at 361; *Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa. Super. 2004) (*en banc*). Where, however, the defendant agrees to a prosecution continuance to a date that is beyond the Rule 600 time limit, the failure to object constitutes a waiver of any Rule 600 claim for that delay. *Hunt*, 858 A.2d at 1241; *Commonwealth v. Walls*, 449 A.2d 690, 692 (Pa. Super. 1982). There is no finding here that Appellant agreed to a date beyond the 365-day limit or that the continuance necessarily sought a trial date beyond that limit. Appellant's counsel stated at the trial court's hearing on the Rule 600 motion that she agreed only to a continuance until the prosecutor finished his other trial, that the continuance did not require a trial date beyond the Rule 600 time limit because over two weeks remained after June 25, 2019 before the 365 days expired, and that she did not agree to the August 26, 2019 date. N.T. Trial, 8/26/19, at 24-27. The trial court found that Appellant did not specifically agree to the August 26, 2019 trial date. Trial Court Supplemental Opinion at 12, 16.[3] Accordingly, Appellant's consent to the June

_____

[3] The Commonwealth argues that the record demonstrates conclusively that Appellant agreed to a trial date beyond the Rule 600 limit because when it requested the final continuance, Appellant's trial was scheduled to begin on

- 10 -

24 continuance did not constitute a waiver of his right to assert a violation of Rule 600.

The fact that Appellant is not barred by waiver, however, does not resolve the issue of whether the delay resulting from the June 24 continuance is excludable under Rule 600. A continuance caused by the prosecutor being on trial in another case and to which the defendant does not object constitutes excludable time under Rule 600. ***Commonwealth v. Stilley***, 689 A.2d 242, 249-50 (Pa. Super. 1997), ***abrogated on other issue***, ***Commonwealth v. Butler***, 812 A.2d 631 (Pa. 2002). The trial court found in its supplemental opinion that Court Administration set the August 26, 2019 rescheduled trial date and that there was no evidence that the Commonwealth requested the selection of a date more than 365 days after the criminal complaint was filed against Appellant. Trial Court Supplemental Opinion at 10-12. The trial court concluded that the court's ability to set a new date for the trial was limited by the fact that it was to be a jury trial and that judges' calendars are generally scheduled at least three months in advance. ***Id.*** at 11. The trial court also found that there was no understanding when the June 24 continuance was

---

July 24, 2019, a date more than 365 days after the criminal complaint was filed. Appellee's Brief at 35-37. As we explained in our prior memorandum decision, this contention is inaccurate. Contrary to the Commonwealth's repeated misstatements, the date that trial was scheduled to begin was June 25, 2019, less than 365 days after the criminal complaint was filed, not July 24, 2019. Pretrial Ex. 1, Secure Docket Entries at 1, 8.

sought and agreed to by Appellant that trial could be rescheduled within the less-than three-week period that remained within the original Rule 600 time limit. *Id.* at 16. Appellant has not challenged any of these findings. Given these findings and the very limited period of time between the grant of the continuance and expiration of the 365-day period, the trial court did not abuse its discretion in holding that the entire delay caused by the June 24 continuance was excludable and that the August 26, 2019 trial date therefore complied with Rule 600. *See Commonwealth v. Bright*, 449 A.2d 596, 598-99 & n.8 (Pa. Super. 1982); *Commonwealth v. Goldwire*, 2580 EDA 2018, unpublished memorandum at 6-10 (Pa. Super. Nov. 6, 2019).[4] We accordingly affirm the trial court's denial of Appellant's Rule 600 motion to dismiss.

In the second issue that is before us, Appellant asserts that his PWID and Criminal Use of a Communication Facility convictions must be vacated for lack of jurisdiction because his conduct on which these charges are based occurred solely in New Jersey. Whether the trial court has subject matter jurisdiction to adjudicate a criminal charge is a question of law subject to our plenary, *de novo* review. *Commonwealth v. Maldonado-Vallespil*, 225

---

[4] Unpublished decisions of this Court filed after May 1, 2019, although not precedential, "may be cited for their persuasive value." Pa.R.A.P. 126(b)(1)-(2); 210 Pa. Code § 65.37(B).

A.3d 159, 161 (Pa. Super. 2019); **Commonwealth v. Seiders**, 11 A.3d 495, 496-97 (Pa. Super. 2010).

The jurisdictional limits of our courts' power to enforce Pennsylvania criminal law are defined by Section 102 of the Pennsylvania Crimes Code, which provides, in relevant part:

> (a) General rule.--Except as otherwise provided in this section, a person may be convicted under the law of this Commonwealth of an offense committed by his own conduct or the conduct of another for which he is legally accountable if either:
>
> (1) the conduct which is an element of the offense or the result which is such an element occurs within this Commonwealth;
>
> *       *       *
>
> (3) conduct occurring outside this Commonwealth is sufficient under the law of this Commonwealth to constitute a conspiracy to commit an offense within this Commonwealth and an overt act in furtherance of such conspiracy occurs within this Commonwealth …

18 Pa.C.S. § 102(a)(1), (3).  It is the Commonwealth's burden to prove facts sufficient to establish jurisdiction.  **Maldonado-Vallespil**, 225 A.3d at 166. If there is no proof that any of the elements of the crime in question occurred in Pennsylvania or that the requirements of another provision of Section 102(a) are satisfied, a Pennsylvania court lacks jurisdiction over the crime and the defendant's conviction must be vacated.  **Id.** at 166.

The elements of the offense of PWID are prescribed by the Controlled Substance, Drug, Device and Cosmetic Act, which provides:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> *       *       *

- 13 -

> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780–113(a)(30); ***Commonwealth v. Duncan***, 932 A.2d 226, 231 (Pa. Super. 2007). In this case, none of Appellant's conduct that satisfied any of the above elements occurred in Pennsylvania. The evidence in the record showed that Appellant possessed and delivered "Rolex" fentanyl and crack cocaine in Trenton, New Jersey and did not show that he engaged in any conduct in Pennsylvania on which the PWID charge was based. N.T. Trial, 8/27/19, at 159-60, 163-65, 185; Commonwealth Ex. 15; N.T. Preliminary Hearing, 8/28/18, at 51.

The Commonwealth argues that the trial court had jurisdiction to adjudicate the PWID charge under Section 102(a)(3) of the Crimes Code because Appellant's delivery of drugs to Santangelo in New Jersey was part of a conspiracy that included delivery of those drugs in Pennsylvania. This argument fails because it is unsupported by the record. The Commonwealth showed that Santangelo purchased the "Rolex" fentanyl and crack cocaine from Appellant for Risko and Filderman and that Santangelo, after keeping several bags of the "Rolex" for himself as compensation for his services, did deliver the drugs to them in Pennsylvania. N.T. Trial, 8/27/19, at 156-65, 185-86; Commonwealth Ex. 15. The record, however, is devoid of evidence that Santangelo shared with Appellant the fact that he intended to deliver any

of the drugs to anyone else or that Appellant knew that drugs Santangelo bought from him in New Jersey were for any purpose other than Santangelo's personal use.

Santangelo's only testimony concerning his communication with Appellant in the transaction in question was that he called Appellant to arrange to buy a "bun" (10 bags of the "Rolex") for $40 and $20 of crack cocaine. N.T. Trial, 8/27/19, at 177, 214; Commonwealth Ex. 15. There was no testimony or other evidence that Santangelo in his communications with Appellant mentioned anyone else's name or any intent to deliver the drugs to anyone else. No other witness testified to any communication with Appellant or to any conduct of Appellant on which the PWID charge was based. Filderman testified that he was not a party to any conversation with Appellant concerning the purchase of the drugs in question and did not hear Risko make any call to Appellant. N.T. Trial, 8/26/19, at 109.[5] Risko's cell phone records introduced at trial did not show any communication with Appellant. Defendant Ex. 1. The Commonwealth does not claim that there was any expert testimony or other

---

[5] At one point in his second day of testimony, Filderman contradicted this testimony and claimed that he was present when Risko made a call to Appellant. N.T. Trial, 8/27/19, at 13-14. Later, however, Filderman admitted that the testimony that he witnessed such a call was inaccurate and that he could not say that he was present when any call to Appellant occurred. *Id.* at 33-34. Filderman also testified that he went with Santangelo and bought non-"Rolex" heroin from Appellant in Trenton, New Jersey later, after the "Rolex" purchase, but testified that he did not give any of that heroin to Risko. *Id.* at 19-20, 59-60, 68-69, 83-84.

evidence that the quantity of drugs that Santangelo purchased from Appellant was of a magnitude that showed an intent to distribute or resell the drugs to others.

Contrary to the Commonwealth's contentions, ***Commonwealth v. Dennis***, 618 A.2d 972 (Pa. Super. 1992) does not support jurisdiction here. In ***Dennis***, this Court held that Pennsylvania had jurisdiction to convict the defendant of PWID even though his conduct occurred outside of Pennsylvania because the evidence showed that his actions were part of a scheme to distribute drugs in Pennsylvania. 618 A.2d at 973-74, 976-77. ***See also Commonwealth v. Peck***, 242 A.3d 1274, 1281 n.2 (Pa. 2020) (holding that ***Dennis*** was based on the fact that "[t]he defendant there was part of a conspiracy to distribute drugs in and through Pennsylvania"). Here, there was no evidence that Appellant was aware of, let alone agreed to, any plan to subsequently distribute the drugs that he sold in Pennsylvania or anywhere else. Because no element of the PWID offense in this case occurred in Pennsylvania, the trial court lacked jurisdiction over this charge and erred in failing to dismiss the PWID charge.

The elements of the offense of Criminal Use of a Communication Facility are: (1) that the defendant knowingly and intentionally used a communication facility; (2) that the defendant knowingly, intentionally or recklessly facilitated an underlying felony; and (3) that the underlying felony occurred. 18 Pa.C.S. § 7512(a); ***Commonwealth v. Moss***, 852 A.2d 374, 382 (Pa. Super. 2004).

The term "communication facility" includes both cell phones and the communications equipment that transmit cell phone calls. 18 Pa.C.S. § 7512(c) ("the term 'communication facility' means a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic or photo-optical systems or the mail"). Evidence that the defendant discussed the sale of illegal drugs over a cell phone satisfies the element of use of a communication facility. **Moss**, 852 A.2d at 382.

Santangelo communicated by cell phone in Pennsylvania with Appellant in New Jersey concerning the purchase the "Rolex" fentanyl on March 21, 2018. N.T. Trial, 8/27/19, at 214; N.T. Trial, 8/28/19, at 156-59; N.T. Pretrial Hearing, 4/19/19, at 8, 10. While Appellant used his telephone in New Jersey, his interstate communication with Santangelo also necessarily utilized cell towers or cell sites, equipment "used or useful in the transmission of … signals, …[and] sounds," that are in Pennsylvania. N.T. Trial, 8/28/19, at 224-31, 255. **See Carpenter v. United States**, 138 S.Ct. 2206, 2211 (2018) ("Cell phones perform their wide and growing variety of functions by connecting to a set of radio antennas called 'cell sites.'.. Cell phones continuously scan their environment looking for the best signal, which generally comes from the closest cell site."); **Commonwealth v. John**, 854 A.2d 591, 594-96 (Pa. Super. 2004) (Pennsylvania has jurisdiction over solicitation that occurred in

- 17 -

communications over the internet between defendant in Delaware and Maryland and an individual in Pennsylvania). Appellant's use of a communication facility therefore occurred in both Pennsylvania and New Jersey. Because conduct of Appellant that constituted an element of Criminal Use of a Communication Facility occurred in Pennsylvania, trial court did not err in denying Appellant's motion to dismiss this charge for lack of jurisdiction. 18 Pa.C.S. § 102(a)(1).[6]

In his application for reargument, Appellant requests that this Court vacate his conviction and sentence for Drug Delivery Resulting in Death based on our Supreme Court's decision in **Peck**, which was issued while this matter was on remand to the trial court for a supplemental opinion on the Rule 600 issue. Appellant argues that under **Peck**, the Commonwealth must prove as an essential element of Drug Delivery Resulting in Death that the defendant delivered the drug in violation of the Controlled Substance, Drug, Device and Cosmetic Act and no such violation occurs unless the defendant delivered the drug in Pennsylvania. **See** 242 A.3d at 1279-1285. Appellant contends that

---

[6] Because the only delivery and intent to deliver for which the Commonwealth proved that Appellant was criminally responsible occurred outside of Pennsylvania, it may be that the Commonwealth failed to prove the essential element of PWID that the possession or delivery must occur in Pennsylvania and failed to prove the element of an underlying felony with respect to the Criminal Use of a Communication Facility charge. **See Peck**, 242 A.3d at 1281-85. This deficiency, however, is an issue of sufficiency of the evidence, not jurisdiction, **id.** at 1275, 1282-85, and, as discussed below, was not raised by Appellant in this appeal until after our initial decision in this matter.

because Appellant delivered the drugs in question in New Jersey, the Commonwealth failed to prove this essential element.

Rule 2543 of our Rules of Appellate Procedure provides that "reargument will be allowed only when there are compelling reasons therefor." Pa.R.A.P. 2543. Compelling reasons that support reargument include the following:

> (1) Where the decision is by a panel of the court and it appears that the decision may be inconsistent with a decision of a different panel of the same court on the same subject.
>
> (2) Where the court has overlooked or misapprehended a fact of record material to the outcome of the case.
>
> (3) Where the court has overlooked or misapprehended (as by misquotation of text or misstatement of result) a controlling or directly relevant authority.
>
> (4) Where a controlling or directly relevant authority relied upon by the court has been expressly reversed, modified, overruled or otherwise materially affected during the pendency of the matter sub judice, and no notice thereof was given to the court pursuant to Rule 2501 (b) (change in status of authorities).

Note to Pa.R.A.P. 2543. The raising of a new issue that was not previously argued in the appeal and has been waived is not a ground on which reargumant may be granted. *Commonwealth v. VanDivner*, 983 A.2d 1199, 1201 (Pa. 2009).

While the Supreme Court's decision in *Peck* is a new precedent handed down after our prior decision, it is neither a change in any authority relied on by this Court nor a ruling on any issue that this Court addressed in that decision. The issues decided in *Peck* were whether violation of the Controlled

- 19 -

Substance, Drug, Device and Cosmetic Act is an essential element of Drug Delivery Resulting in Death and whether the evidence was insufficient to prove that element where the drug delivery occurred outside of Pennsylvania. 242 A.3d at 1278-1285.

Appellant did challenge his Drug Delivery Resulting in Death conviction on sufficiency of the evidence grounds. The sole contention that Appellant raised as to sufficiency of the evidence, however, was that the evidence was insufficient to show that drugs that he supplied caused Risko's death. Appellant's Brief at 27-29. Prior to this Court's November 10, 2020 decision, Appellant did not assert any argument in this appeal that the Commonwealth failed to show a violation of the Controlled Substance, Drug, Device and Cosmetic Act or that the evidence at trial was insufficient to prove any elements of any of the crimes for which he was convicted other than causation.

A claim that the evidence is insufficient to prove a particular element of an offense is waived if it is not raised by the appellant in his brief. *Commonwealth v. Russell*, 209 A.3d 419, 429-30 (Pa. Super. 2019); *Commonwealth v. Manley*, 985 A.2d 256, 262 (Pa. Super. 2009). Because the issue on which Appellant seeks reargument is a sufficiency of the evidence issue that he did not raise in his brief in this appeal, it is not a ground on which reargument may be granted. *VanDivner*, 983 A.2d at 1201.

For the foregoing reasons, we conclude that the trial court did not err in denying Appellant's Rule 600 motion to dismiss, that it lacked jurisdiction over

the PWID charge against Appellant, and that it had jurisdiction over the Criminal Use of a Communication Facility charge, and we deny Appellant's application for reargument. Accordingly, we vacate Appellant's PWID conviction, but otherwise affirm the trial court's judgment of sentence. Because the trial court imposed no further penalty for the PWID conviction, this has no effect on the trial court's sentencing scheme and no resentencing is therefore required.

Judgment affirmed in part and vacated in part. Application for Reargument denied. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/21